STANTON S. CLARK & others *vs.* INHABITANTS OF RUSSELL.

In an action to recover for labor performed under a special agreement, to which the defence is that the plaintiffs did not complete the work as agreed upon, the defendants may introduce evidence of the amount necessarily expended by them in getting the work completed.

CONTRACT to recover for labor upon roads. At the trial in the Superior Court, before *Brigham*, C. J., the plaintiffs introduced evidence tending to show a special contract between themselves and the defendants, to put and keep certain roads " in as good repair as usual," for one year, for five hundred dollars. The defendants introduced evidence tending to show that the plaintiffs did not comply with the terms of the contract, but that, by reason of the plaintiffs' neglect and in order to put the roads in such repair as the contract specified, the defendants were obliged to employ, and did employ, other persons to do the work. The defendants then offered to prove the amount which they necessarily expended in getting the work done. The plaintiffs objected, and the judge excluded the evidence. The jury returned a verdict for the plaintiffs for the full amount claimed, and the defendants alleged exceptions.

*E. B. Gillett*, (*H. B. Stevens* with him,) for the defendants.

*G. M. Stearns*, (*M. B. Whitney* with him,) for the plaintiffs.

CHAPMAN, C. J. Evidence of the amount necessarily expended by the defendants to put the roads in such order as the contract specified was admissible, because it tended to prove that the contract had not been substantially performed, and also the extent of the damage occasioned by the non-performance. *Walker v. Orange*, 16 Gray, 193. *Moulton v. McOwen*, 103 Mass. 587.

*Exceptions sustained.*