FLORENCE MACHINE COMPANY *vs.* HANDEL N. DAGGETT.

Hampshire.    Sept. 18. — Oct. 1, 1883.    FIELD & W. ALLEN, JJ., absent.

B. agreed to make for A. a certain number of castings of a new stove, in a speci-
fied time, the patterns for which were to be furnished by A.  In an action by
A. against B., for breach of this contract, one ground of defence was, that
delays were occasioned by the failure of A. to furnish patterns in time, because
of alterations made by him in the patterns.  *Held,* that A. was entitled to put
in evidence that there was a well-known, universal usage in the business to
make changes in new patterns, arising from the fact that the first set of pat-
terns, however good, would never produce castings that could be put together
without alteration.

If B. agrees to make for A. a certain number of castings in a specified time, A. to
furnish patterns for the castings, and there is no unjustifiable delay on A.'s
part in furnishing the patterns, in an action by A. against B. for breach of the
contract, B. is not entitled to a ruling that, if there was no unreasonable delay
on his part after receiving the patterns, the plaintiff can recover only the addi-
tional cost which he has incurred for so many castings as the defendant might
have manufactured after the patterns were furnished and before the time
specified in the contract for the completion of the work.

If questions in writing are submitted to a jury, and a general verdict is returned
without the questions being answered, it is within the discretion of the presid-
ing judge to accept the verdict, and to withdraw the questions; and to the exer-
cise of this discretion no exception lies.

CONTRACT, for breach of an agreement in writing, dated
January 4, 1882, by the terms of which the defendant agreed
to make for the plaintiff five thousand oil stoves, from patterns
to be furnished by the plaintiff, "deliveries to be made as rap-
idly as possible, and not to extend beyond May 1, 1882." At
the trial in the Superior Court, before *Gardner,* J., the jury
returned a verdict for the plaintiff; and the defendant alleged
exceptions, which appear in the opinion.

*J. C. Hammond,* for the defendant.

*W. O. Kyle,* for the plaintiff.

DEVENS, J.   1. The defendant had contracted in writing to
furnish to the plaintiff, for a price agreed, on or before a certain
day, the castings for five thousand stoves of a particular model.
The plaintiff was to furnish the patterns from which the cast-
ings were to be made.  Before the day arrived, the defendant
refused to complete his contract, upon the ground that the plain-
tiff had unreasonably delayed to furnish the patterns, that, after
they were furnished, alterations in the patterns were necessary

before the castings made therefrom could be so fitted together as to form a complete stove, and that the plaintiff further desired to make some change in the design and ornamentation of the stoves, and for these reasons retained the patterns for a long time, so that it was practically impossible, as the defendant contended in argument, for him, because of these delays, to perform the work within the specified time.

The defendant's agent testified in his behalf, that he knew of no custom and usage among foundry men allowing for delays in making changes in new patterns; and the plaintiff was then permitted, against the defendant's objection, to put in evidence of the existence of such a well-known, universal usage among foundry men, from necessity, as the first set of patterns, however good, will never produce castings that can be put together without alteration. This evidence had a direct tendency to meet so much of the defendant's case as rested upon the ground that there were delays occasioned by the plaintiff, because of the alteration of patterns furnished by it, and was competent. If a usage existed in the performance of contracts similar to this to permit such delays, because they must necessarily occur, and this usage was well known and universal, the parties must be deemed to have contracted having regard to it, and to have allowed therefor in fixing the time for the completion of the contract. In mercantile, manufacturing and other business transactions, evidence of established usage is admissible, not merely to explain the words or terms employed in a contract, but to annex to it those ordinary and customary incidents which must have been intended to form a part of it. If it be impossible to add any material incident to the written contract without altering its effect more or less, an incident so established is deemed to have been contemplated by and embraced in it. The usage which the plaintiff attempted to show was not in violation of any rule of law, was not unreasonable, and was neither expressly nor impliedly excluded by the tenor of the written instrument. *Lowry* v. *Russell*, 8 Pick. 360. *Howe* v. *Hardy*, 106 Mass. 329. *Star Glass Co.* v. *Morey*, 108 Mass. 570. *Loveland* v. *Burke*, 120 Mass. 139.

Whether, after offering evidence that no custom or usage existed allowing for delays in the alteration of patterns furnished,

the defendant could object to this evidence in reply, even if otherwise inadmissible, is a question not important in the present case.

Beside objecting to this evidence of usage on behalf of the plaintiff, the defendant further objected to the instructions on this subject given by the presiding judge. We presume it was the intention of the defendant only to raise in this form the same objection, in substance, as that made to the admission of the evidence. He certainly, by his exceptions, points out no other. These instructions were in effect that the jury were to ascertain whether there was such a well-known, universal usage, understood by both parties, that there might be delay in new patterns, and whether, if such a usage existed, the changes made were within it; and they concluded by adding, that, "if the jury should find such a usage written into the contract, they might find what portion of the delay was owing to that," and otherwise instructed the jury in relation thereto. So far as they are given in detail, these instructions are correct. It is not to be inferred that the other instructions in relation to the subject were less so, or that the presiding judge failed to inform the jury, that, if the delays were occasioned by changes made by the plaintiff, no usage having been proved, or were not within the usage if proved, the defendant would be exonerated from the performance of a contract in which time was an essential element.

2. It was in controversy at the trial whether the defendant had waived the delays occasioned by the plaintiff, and had accepted an extension of time in which to fulfil his contract; and on this point the evidence was conflicting. The defendant, contending that there was no such waiver or extension, requested an instruction, " that, if the jury should be satisfied that there was no extension of time, and no unreasonable delay on the part of the defendant, then if the plaintiff is entitled to recover at all for a breach of the contract to manufacture the stoves, it is only entitled to recover the reasonable additional cost of manufacturing such number of stoves as the defendant might have manufactured after the patterns were furnished and before the first of May," which was the time fixed for the completion of the contract. But, if the plaintiff was entitled to recover

at all for a breach of the contract, he was entitled to all the damages he had sustained thereby, which would be the fair and reasonable cost necessarily paid by him to obtain the castings which the defendant failed to make, over and above the contract price. Such was the instruction. If unjustifiable delay was made by the plaintiff, and there was no agreement to extend the time, he could not recover at all; but if there was no such delay and no extension of time to the defendant, the plaintiff was entitled to the full value of his contract, and all the damages sustained by the breach of it. *Clark* v. *Russell*, 110 Mass. 133. The request would make the value of the contract to the plaintiff depend upon the defendant's ability to perform it, and would exonerate him if he did his best to do so with the means at his command.

3. The submission of special questions to the jury, to be answered by them in addition to the general verdict, is often a highly convenient practice, but it is a matter within the discretion of the court, and to the exercise of it no exception lies. *Spurr* v. *Shelburne*, 131 Mass. 429. When, therefore, the court determines to withdraw such questions before the finding thereon is rendered, or to accept the verdict, even if the jury has failed to pass upon them, it may do so. If a verdict has been rendered which completely decides the issue immediately before the jury, neither party can object to its reception, because the jury has failed to pass specially upon inquiries which it would be advantageous to have had answered by reason of their relation to other stages of the controversy.

In the present case, in regard to the special findings, if of any importance in view of another suit between the same parties, the defendant obtained all the advantage to which he could possibly be entitled by the filing of a paper by the plaintiff, which waived all further claim on account of the subject matters of them, and treated them as covered by and included in the general verdict. This paper, filed upon the motion for a new trial by the defendant, as it disposes of the findings favorably for him, leaves him no ground of exception.

*Exceptions overruled.*