GEORGE DAVIS, *as Sheriff of Jefferson County,* v. C. C. McCARTHY.

FAILING DEBTOR—*Sale to Creditor, When Void.* Where a creditor purchases a stock of goods of a failing debtor, and in addition to the settlement of the claim due him from said debtor, pays said debtor a part of the purchase-price for said goods in money, with full knowledge of his insolvency, and also with the intent to hinder or delay his other creditors from collecting claims due them from such debtor, *held,* such sale is void.

*Error from Jefferson District Court.*

REPLEVIN. Judgment for plaintiff *McCarthy* on October 22, 1886. The defendant *Davis*, as sheriff, brings the case here. The opinion states the facts.

*Porter & Hunter*, for plaintiff in er: or.
*W. F. Gilluly*, for defendant in error.

Opinion by CLOGSTON, C.: This action was brought by the defendant in error as plaintiff to recover the possession of certain goods in the possession of the defendant as sheriff by virtue of an attachment levied thereon, at the suit of R. N. Hershfield against Steinberg & Brother. Plaintiff in error presents and complains of two errors in the record: first, the overruling of the motion for a continuance; and second, that the verdict was contrary to law and the instructions of the court, and the judgment thereon contrary to the evidence. As the decision of the second proposition will reverse this action, no attention will be paid to the overruling of the motion for a continuance.

The undisputed evidence in this case shows substantially the following facts: That Steinberg & Brother were engaged in the jewelry business in Jefferson county, and were indebted to the defendant in error in the sum of $200, and also indebted to Hershfield for more than $900; and that each was seeking to collect his debt. Hershfield, with an attorney, went to Nortonville, in Jefferson county, the place where Steinberg was engaged in business, for the purpose of attempting to collect his claim, and while there stopped at a hotel kept by one Brown, who also had a claim against Steinberg for board of $15. Brown overheard a conversation between Hershfield and his attorney in relation to the purpose for which they were there. About 9 o'clock at night Brown notified McCarthy of the fact that these creditors of Steinberg's were there to enforce the collection of a claim; whereupon McCarthy and Brown went to the store and found young Steinberg, one

of the firm of Steinberg & Brother, and demanded the payment of the $185 due McCarthy, and the $15 due Brown, and threatened that if those claims were not immediately paid that night an attachment would be levied upon the goods. The claims not being paid, Steinberg sold his entire stock of goods to McCarthy for $300, settling the claims of Brown and McCarthy for $200, and receiving $100 in cash. No invoice was made, but the goods were sold in the lump, and on the morning following McCarthy took possession of the goods. Hershfield recovered a judgment on his claim for over $900, and that judgment is unsatisfied.

On the questions submitted to the jury the court gave, among others, the following instruction:

"The law also presumes that every man intends the necessary consequences of his act, and if the act necessarily delays, hinders, or defrauds his creditors, then the law presumes that it is done with a fraudulent intent."

And the court, to explain the instruction, gave the following illustration:

"A man in failing circumstances, having a number of creditors, and among them one for $500 to whom he sells a $2,000 stock of merchandise, and receives therefor $1,500 in cash, the same is void."

This instruction and the explanation or illustration were given to the jury without objection. It thus became the law of the case, whether the instruction was correct or not, and it was the duty of the jury to obey it; and under the evidence, uncontradicted, and this instruction, it was the manifest duty of the jury to return a verdict for the defendant; for the evidence clearly shows that this purchase by McCarthy of Steinberg was made with full knowledge on the part of McCarthy that Hershfield was there for the purpose of collecting a claim against Steinberg. The manner of the sale, the time at which it was made, the hurried manner of its consummation, all tend to show that the sale was made for the purpose, at least, of not only settling McCarthy's claim, but of preventing the collection of other claims. While the evidence as to the value

of the goods was disputed, yet it was shown by the officer, who presumably had no interest in the controversy, that the goods were appraised under oath at $600. The plaintiff testified that the goods were worth only $300, yet this testimony, with the surrounding circumstances of the sale, was competent to show that the sale was void for the reason that it was made with the intent to hinder and defraud creditors, and thus made not only with the knowledge of Steinberg, but of the purchaser, the defendant in error.

It is recommended that the judgment of the court below be reversed, and a new trial ordered.

By the Court: It is so ordered.

All the Justices concurring.