**GEORGE DAVIS,** *as Sheriff of Jefferson County,* v. C. C. McCARTHY.

1. **FAILING DEBTOR** — *Sale to Creditor.* A creditor may, to protect himself and secure his claim, purchase from a failing debtor his entire stock of merchandise, providing that he acts in good faith and pays a fair price for the same.

2. **INSTRUCTIONS** — *Defective Record.* As the record does not purport to contain all of the instructions given by the court, or all that were given upon any particular branch of the case, the objections attempted to be raised thereon cannot be sustained.

3. **EVIDENCE** *Sustains Verdict.* The findings and verdict of the court examined, and found to be sustained by sufficient evidence.

*Error from Jefferson District Court.*

REPLEVIN by *McCarthy* against *Davis,* as sheriff, May 21, 1889. The plaintiff had judgment and defendant comes here. The opinion states the facts.

*William A. Porter,* for plaintiff in error.

*William F. Gilluly,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin, brought by C. C. McCarthy against George Davis, as sheriff of Jefferson county, to recover the possession of a stock of merchandise, which had been seized by the sheriff upon an order of attachment issued in an action brought by R. N. Hershfield against Steinberg & Bro. Steinberg & Bro. were indebted to McCarthy in the sum of $185, and to one Brown in the sum of $15. In order to obtain a settlement of these claims, a purchase of the stock was negotiated by McCarthy for the consideration of $300. After paying the indebtedness, there was $100 due, which was paid by McCarthy in cash to Steinberg & Bro. Hershfield had a claim against Steinberg & Bro. for more than $900, and in this behalf it is contended that the sale to McCarthy was

made with the intent to hinder, delay and defraud other creditors. It is claimed, and testimony is offered tending to prove, that the goods purchased by McCarthy were worth more than $600; that the sale was made without an inventory, and out of the usual course of business, while the Steinbergs were in failing circumstances. In answer to special questions, the jury found that McCarthy did not know that the Steinbergs were in failing circumstances at the time of the purchase; and further, that he did not in making the purchase act fraudulently, or with intent to hinder, delay or defraud Hershfield in the collection of his debt. It was also found that Steinberg & Bro. were in failing circumstances at the time of the sale; that no inventory of the stock was taken; that the sale was out of the usual course of business; but that the value of the stock at the time of the sale was but $300.

The general verdict was in favor of McCarthy, sustaining the good faith and validity of the sale. Although the sufficiency of the evidence is challenged, we regard it to be sufficient to uphold the verdict. It may be remarked that there was more testimony offered in favor of McCarthy than there was at the first trial of the cause. (*Davis v. McCarthy,* 40 Kas. 18.) The debt of McCarthy was a *bona fide* one, and he was certainly entitled to protect himself and secure his claim by the purchase of the goods, providing he acted in good faith and paid a fair value for the same. The fact that the sale was made after business hours, and without a written inventory, does not necessarily imply bad faith, nor a design to defeat or defraud other creditors. There is proof that a careful inspection of the quantity and value of the goods was made by McCarthy, and, at his request, a third party, who had dealt in jewelry, examined them, and appraised their value at $300. This was the value determined upon by the jury, and there is ample testimony to sustain it, as we think there was to sustain the finding that McCarthy did not act fraudulently or with the intent to hinder, delay or defraud Hershfield in the collection of his debt.

Some questions are sought to be raised upon the instructions

that are not available. For instance, it is said that the court told the jury that "a man in failing circumstances, having a number of creditors, and among them one for $500, to whom he sells a $2,000 stock of merchandise and receives therefor $1,500 in cash, the sale is void." It is contended that whether this instruction is correct or not it became the law of the case, and it was the duty of the jury to obey it. This was given by way of illustration, and whether correct or not, another instruction which appeared in the record is that

"The fact that McCarthy paid to Steinberg $100 in cash would not necessarily vitiate the sale. If McCarthy was endeavoring to secure his claim, and could only do so by buying the whole stock and paying $100 in addition thereto, it is for the jury to determine from all the evidence in the case whether it was the purpose of McCarthy, and what he did, to hinder and delay the other creditors in the collection of their claims."

There is no reason to complain of this instruction, and the jury evidently followed it. The correctness of the charge of the court, however, is not open to inquiry, as the record does not purport to set forth the instructions in full as given by the court, nor is there any statement that those contained in the record were the only statements of the law upon any particular branch of the case. Under these circumstances, no review of the charge can be had. (*Winston v. Burnell,* 44 Kas. 367.)

The judgment of the district court will be affirmed.

All the Justices concurring.