B. A. BURR AND KELLER J. BATES v. ALBERT
HONEYWELL, *a person of unsound mind*.
### No. 219.

1. ORDER OF TRIAL—*shall be that of trial docket, unless otherwise ordered by the court*. The trial of an issue of fact, and the assessment of damages in any case, shall be in the order in which they are placed on the trial docket, unless the court, in its discretion, shall otherwise direct.

2. ———— *where court directs trial in other than order of trial docket, presumption is. that reasons were satisfactory*. All the presumptions are in favor of the regularity of the proceedings of the trial court; and where the showing in support of a motion to advance a case on the docket is not contained in the record, it will be presumed that reasons satisfactory to the court existed and were presented.

3. DEMURRER—*properly stricken from files*. The striking of the demurrer of defendant Bates from the files in this case, held not to be an abuse of discretion upon the part of the trial court.

4. INSTRUCTIONS—*record not purporting to give all of the instructions, objections not considered*. "As the record does not purport to contain all of the instructions given by the court, or all that were given upon any particular branch of the case, the objections attempted to be raised thereon cannot be sustained." *Davis v. McCarthy*, 52 Kan. 116.

5. SPECIAL QUESTIONS—*frivolous, immaterial, and confusing, need not be submitted*. " It is generally error to refuse to submit questions of fact drawn in proper form, material to the case, and based upon the evidence." *A. T. & S. F. Rly. Co. v. Ayres*, 56 Kan. 180. But where the questions are frivolous, immaterial, repetitious, and run to the minor and subdivided facts into which the principal fact may be resolved, and cannot be fully and fairly answered without confusing the jury, it is the duty of the trial court to refuse to submit them.

6. ———— *failure to compel answer to, is a withdrawal of*. "A failure to compel an answer is in effect a withdrawal of the question, and is the same as though the court had refused to submit it in the first instance." *City of Wyandotte v. Gibson, Adm'x*, 25 Kan. 236.

Error from Harper District Court. Hon. G. W. McKay, Judge. Opinion filed December 20, 1897. *Affirmed.*

784          Burr v. Honeywell.

S. Dept.          Opinion.  Schoonover, J.          6 Kan. App.

*Geo. B. Crooker* and *T. A. Noftzger*, for plaintiffs in error.

*Sankey & Campbell*, for defendant in error.

Schoonover, J.  This action was commenced in the District Court of Harper County by defendant in error, against the plaintiffs in error, claiming damages in the sum of fifteen hundred dollars for the alleged unlawful and forcible ejectment of the defendant in error from his premises.  The case was tried to a jury, a verdict returned and judgment rendered for fifteen hundred dollars against defendants below, B. A. Burr and Keller J. Bates, who bring the case here for review.

This case was commenced in the court below on the tenth day of August, 1891.  On the eighth day of March, 1892, the plaintiff "moves the court orally to advance said cause upon the trial docket and set said cause for trial and hearing at the present term of said court."

1. Order of trial.

This application was granted by the trial court, and the case set for trial on the seventh day of April, 1892.  To the granting of this application the defendants excepted, and now contend that it was error; that the court abused its discretion; and "that the application to advance was made orally, without notice, and no showing whatever was made in support of it, and no reason was ever given for advancing this action for trial."

Paragraph 4409, General Statutes of 1889, provides:

"The trial of an issue of fact, and the assessment of damages in any case, shall be in the order in which they are placed on the trial docket, unless by the consent of the parties or the order of the court they are continued or placed at the

2. Court may direct order of trial.

BURR v. HONEYWELL.                    785

Dec. 20, 1897.        Opinion.   Schoonover, J.        C. Div.

heel of the docket, unless the court, in its discretion, shall otherwise direct. The court may, in its discretion, hear at any time a motion, and may by rule prescribe the time for hearing motions.''

The case was triable at the March term, 1892, in the order in which it was placed on the trial docket, unless the court, in its discretion, should otherwise direct. The court did direct, on the eighth day of March, 1892, that this case be advanced and set for trial on the seventh day of April, 1892, which was one of the regular days of the March term. The defendants had sufficient time to prepare for trial and cannot complain. In the case of *Green v. Bulkley* ( 23 Kan. 134 ), the Supreme Court says :·

'' It is not necessary that the cases should be tried arbitrarily in their order, but they may be continued or laid at the end of the docket, or other definite disposition made of them, and subsequent cases then be regularly taken up and tried.''

It is further contended that no showing was made in support of the application, and no reason given for advancing the case. All the presumptions are in favor of the regularity of the proceedings of the trial court; and where the showing in support of a motion to advance a case on the docket is not contained in the record, it will be presumed that reasons satisfactory to the court existed and were presented.

This court has said :

'' It is immaterial what reason the court may give for his ruling ; if the substantial rights of the complaining litigants are not prejudicially affected, no reversible error is committed.'' *St. L. & S. F. Rly. Co. v. Brown*, 3 Kan. App. 260.

It is further contended by plaintiff in error that the court erred in striking from the files the demurrer to plaintiff's petition, filed by Keller J. Bates, and in not

50—6 KAN. APP.

permitting the demurrer to be amended. It appears that the demurrer was stricken from the files for the reason that in the body of the demurrer the name Bates was spelled "Bares." Ordinarily, the court should have permitted the demurrer to have been amended; but under the circumstances in this case it was not error to refuse to do so.

3. Demurrer properly stricken from files.

Keller J. Bates was in default. On the twenty-second day of January, 1892, he was given twenty days by the court to plead to plaintiff's petition. On the second day of February, 1892, he filed his demurrer, setting up the same grounds contained in the demurrer filed by plaintiff in error B. A. Burr, which had been considered and overruled by the court on the twenty-first day of January, 1892, one day before Bates was given permission to plead.

Bates and Burr were represented by the same counsel and must have known the ruling of the court on the demurrer filed by Burr. If this demurrer had been amended and then overruled by the court, and the defendant Bates required to go to trial, would his rights have been prejudicially affected? The demurrer was stricken from the files, the defendant Bates permitted to file his answer, and the litigants ordered to proceed with the trial. Under the circumstances of this case, it was not such an abuse of discretion upon the part of the court as to require a reversal.

We are asked to reverse this case for the further reason that the trial court erred in admitting improper and immaterial evidence on behalf of the plaintiff and excluding competent and legal evidence offered on the part of the defendants. There was immaterial evidence admitted on the part of plaintiff, and under the circumstances a part of the evidence offered by defend-

ants was admissible ; but we cannot say that the defendants below were prejudiced by the rulings of the court in admitting or rejecting testimony. The instructions are complained of, but there is no statement that the record contains all the instructions given, or all the instructions asked for and refused.

**4. Objections to instructions not considered.**

"The correctness of the charge of the court, however, is not open to inquiry, as the record does not purport to set forth the instructions in full as given by the court, nor is there any statement that those contained in the record were the only statements of the law upon any particular branch of the case. Under these circumstances, no review of the charge can be had." *Davis v. McCarthy*, 52 Kan. 118.

"Where the record does not anywhere show that it contains all the instructions given by the court to the jury, this court cannot determine whether the court erred in the instructions given or not." *Loan Co. v. Love*, 4 Kan. App. 189.

Plaintiffs in error complain of the action of the trial court in overruling their motion to require the jury to return to their jury room for the purpose of making and returning answers to special questions of fact submitted to them on behalf of said defendants. Many of the questions were mere repetitions ; others, immaterial, and should not have been submitted.

**5. Frivolous, immaterial and confusing questions not submitted to jury.**

"It is generally error to refuse to submit questions of fact drawn in proper form, material to the case, and based upon the evidence." *A. T. & S. F. Rly. Co. v. Ayres*, 56 Kan. 180.

But where the questions are frivolous, immaterial repetitious, and run to the minor and subdivided facts into which the principal fact may be resolved, and cannot be fully and fairly answered without confus-

788     BURR v. HONEYWELL.

S. Dept.     Opinion. Schoonover, J.     6 Kan. App.

ing the jury, it is the duty of the trial court to refuse to submit them. In the case of the *Mo. Pac. Rly. Co. v. Holley* (30 Kan. 465), the Supreme Court says :

"While, under the law as it now stands, it is the duty of the court, at the request of either party, to direct the jury to find upon particular questions of fact stated in writing by such party, yet such duty does not make the court a mere mouthpiece of either party, to submit any questions presented. It is the duty of the court to revise the questions presented, striking out all which are mere repetitions, or touch immaterial facts, and changing and arranging the others so that, in a natural order, clearly and briefly, are presented the questions which are necessary to bring out any particular fact or facts desired."

In this case 126 special questions were submitted ; the jury answered all the questions, "Impossible to answer." The following are fair samples of the questions submitted :

"30. How much damage do you assess against defendant B. A. Burr for driving plaintiff from his home?

"31. How much damage do you assess against defendant B. A. Burr for making a personal assault upon plaintiff?

"32. How much damage to you assess against defendant B. A. Burr for beating plaintiff?

"33. How much damage do you assess against defendant B. A. Burr for bruising plaintiff?

"34. How much damage do you assess against defendant B. A. Burr for crippling plaintiff?

"35. How much damage do you assess against defendant B. A. Burr for loading plaintiff in a lumber wagon?

"36. How much damage do you assess against defendant B. A. Burr for hauling plaintiff from his home?

"37. How much damage do you assess against defendant B. A. Burr for unloading plaintiff in a public highway?

"38. How much damage do you assess against defendant B. A. Burr for refusing plaintiff to live in his house?

"39. How much damage do you assess against defendant B. A. Burr for driving plaintiff from his bed?

"40. How much damage do you assess against defendant B. A. Burr for driving plantiff from his board?

"41. How much damage do you assess against defendant B. A. Burr for driving plaintiff from his crops?

"42. How much damage do you assess against defendant B. A. Burr for taking from plaintiff a half bushel of potatoes?

"43. How much damage do you assess against defendant B. A. Burr for taking from plaintiff a pail of peaches?"

The above questions were repeated, the name of defendant Keller J. Bates being inserted where the name of B. A. Burr appears. They were again repeated, the name of defendant Marion Lumpkins being inserted where the name of B. A. Burr appears. The trial court having submitted these questions, and the jury having said that it was impossible for them to answer,

6. Failure to compel answers is withdrawal of questions.

the refusal of the court to compel them to make further answer to any of the questions was in effect a withdrawal of the questions from the jury, and is the same as though the court had refused to submit them in the first instance. *City of Wyandotte v. Gibson*, 25 Kan. 237.

Plaintiffs in error did not ask the court to require the jury to answer any particular question, but insisted that all should be answered.

Under the issues in this case, the nature of the questions being considered, it was not error in the trial court to refuse to compel the jury to attempt to make further answers.

The judgment of the District Court will be affirmed.