(April 2, 1921.)

HARRY WATKINS, Respondent, v. THE MOUNTAIN HOME CO-OPERATIVE IRRIGATION COMPANY, a Corporation, Appellant.

[197 Pac. 247.]

EVIDENCE SUFFICIENT TO SUPPORT VERDICT—SUBMISSION OF PARTICULAR QUESTIONS OPTIONAL—HOW QUESTIONS SHOULD BE FRAMED—COMPETENT EVIDENCE ON VALUE OF TREES—IMPROPER REMARKS OF COUNSEL.

1. Under the provisions of C. S., sec. 7170 (R. S., sec. 4824, as amended by Laws of 1907, p. 483), the verdict of a jury will not be set aside where there is substantial evidence to support such verdict.

2.   Under the provisions of C. S., sec. 6861 (R. C., sec. 4397), in an action for recovery of money only or specific real property, it is optional with the court to submit or refuse to submit "particular questions of fact" to the jury.

3.   Where the court on its own motion or the motion of either party has submitted "particular questions of fact" to the jury, it is not reversible error for the court to receive a general verdict with such questions as may have been answered, and this is in effect a withdrawal of the questions that the jury has failed to answer.

4.   Where requests for the submission of "particular questions of fact" are made, the questions should be so framed as to call for an answer as direct as the nature of the inquiry will admit.

5.   The "particular questions" submitted in this case and not specifically answered by the jury, *held* to have been in effect answered by the general verdict and questions that were answered.

6.   One who has lived upon a farm and grown an orchard and shade trees is competent to testify as to the value of trees that have been injured or destroyed in that vicinity.

7.   Where attention of the court is called to objectionable remarks of counsel, and it instructs the jury to disregard them, such conduct of counsel will not ordinarily be grounds for a reversal of the judgment.

8.   The measure of damages for the destruction of trees cannot be based solely upon the cost of their production, to the time of such loss.

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. Jas. R. Bothwell, Judge.

Action for damages for failure to furnish water. Judgment for plaintiff. *Conditionally affirmed.*

Sullivan & Sullivan and W. C. Howie, for Appellant.

Where a jury disregards the evidence and renders a verdict in favor of a party not entitled thereto, the case

---

8.   Liability of irrigation company for failure to supply water, see note in 81 Am. St. 488.

On measure of damages for breach of contract to furnish water for irrigation, see notes in 19 L. R. A., N. S., 938; 31 L. R. A., N. S., 743.

should be reversed, and where the evidence is insufficient to support findings or verdict, then the verdict or judgment must be reversed. (*Commercial Bank v. Lieuallen,* 5 Ida. 47, 46 Pac. 1020; *Work Bros. v. Kinney,* 7 Ida. 460, 63 Pac. 596; *Thomas v. Pocatello P. & Irr. Co.,* 7 Ida. 435, 63 Pac. 595; *Zienke v. Northern Pac. R. Co.,* 8 Ida. 54, 66 Pac. 828; *First Nat. Bank v. Carter,* 8 Ida. 391, 69 Pac. 123; *Idaho Mercantile Co. v. Kalanquin,* 8 Ida. 101, 66 Pac. 933; *Jensen v. Northern Pac. Ry. Co.,* 8 Ida. 599, 70 Pac. 790; *Wilson v. Vogeler,* 10 Ida. 599, 79 Pac. 508; *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461; *Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490; *Hibler v. Smith,* 20 Ida. 590, 119 Pac. 41; *Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465; *Furey v. Taylor,* 22 Ida. 605, 127 Pac. 676; *McDonnell v. Jones,* 25 Ida. 551, 138 Pac. 1123; *Constantine v. McDonald,* 25 Ida. 342, 137 Pac. 531; *McLean v. Hayden Creek Min. & Mill Co.,* 25 Ida. 416, 138 Pac. 331; *State v. Trego,* 25 Ida. 625, 138 Pac. 1124; *Wolter v. Dixon,* 29 Ida. 26, 157 Pac. 250; *Pollock v. Pollock,* 71 N. Y. 137, 154.)

It is the province of the court to determine what particular facts the jury shall find specially, and neither party has a right to dictate the terms of such questions or to assign error on the refusal of the court to comply with such dictation. (*Lufkins v. Collins,* 2 Ida. 256, 10 Pac. 300.) It was optional with the court to submit, or refuse to submit, particular questions of fact to the jury. The exercise of the power and the extent of its exercise are left to the discretion of the court. (*Olmstead v. Dauphiny,* 104 Cal. 635, 38 Pac. 505; *Thompson v. Gregor,* 11 Colo. 531, 19 Pac. 461; *Carroll v. Chicago, B. N. R. Co.,* 99 Wis. 399, 67 Am. St. 872, 75 N. W. 176; *Webb v. Denver & R. G. W. Ry. Co.,* 7 Utah, 17, 24 Pac. 616.)

If the court instructs the jury that if they render a general verdict then they are to find on certain issues of fact by answering "each of the interrogatories separately," submitted by the court, they have no discretion whatever to answer part of the questions and refuse to answer others.

Having exercised their discretion and rendered a general verdict, then it is for the court to say whether they shall answer certain interrogatories, and if he thinks that the case justifies interrogatories, he can exercise his· discretion and submit them to the jury and the jury must answer each and all of them. (Clementson on Special Verdicts, pp. 7, 52, 110; *Kansas Pac. Ry. Co. v. Peavey*, 34 Kan. 472, 8 Pac. 780; *Redford v. Spokane St. Ry. Co.*, 9 Wash. 55, 36 Pac. 1085; *Eischen v. Chicago, M. St. P. Ry. Co.*, 81 Minn. 59, 83 N. W. 490; *Rathbun v. Parker*, 113 Mich. 594, 72 N. W. 31; *Atchison, T. & S. F. Ry. Co. v. Shaw*, 56 Kan. 519, 43 Pac. 1129; *Stephens v. Gardner Creamery Co.*, 9 Kan. App. 883, 57 Pac. 1058; *Burke v. McDonald*, 2 Ida. 679, 686, 33 Pac. 49; *Fodey v. Northern Pac. Ry. Co.*, 21 Ida. 713, 123 Pac. 835.)

The cost of planting and keeping up trees until they were three or four years old is not the proper measure of damages. (*Hanes v. Idaho Irr. Co.*, 21 Ida. 512, 535, 122 Pac. 859.)

Counsel for plaintiff wilfully attempted to and did prejudice the jury against the defendant by referring to it as a "gigantic corporation," an "artificial being," that was attempting to drive plaintiff and wife off their land. (*Goldstone v. Rustemeyer*, 21 Ida. 703, 123 Pac. 635; *Cleveland P. & E. Ry. Co. v. Pritschau*, 69 Ohio St. 438, 100 Am. St. 682, 69 N. E. 663.)

E. M. Wolfe and Daniel McLaughlin, for Respondent.

The jury made its findings and the same is final. (*Ross v. Kerr*, 30 Ida. 492, 167 Pac. 654.)

This was an action for the recovery of money only. Neither the court by instructions nor counsel by stipulation could enforce the finding of a special verdict by the jury. (*Shaw Lumber Co. v. Manville*, 4 Ida. 369, 39 Pac. 559; *Meyers v. Hart*, 3 Colo. App. 392, 33 Pac. 647.)

"Insufficient answers to special interrogatories are not ground for reversal, where the interrogatories were such

that no answers which could have been made would have controlled the general verdict.'' (38 Cyc. 1924.)

The record in this case will affirmatively show that the judgment was right and would have been the same in the absence of the alleged unauthorized remarks of counsel. (*Goldstone v. Rustemeyer,* 21 Ida. 703, 708, 123 Pac. 635.)

LEE, J.—This is an action to recover damages alleged to have been caused by the failure of appellant to deliver water during the irrigation season of 1914, in accordance with the terms of its water deed, which it executed to respondent. The complaint alleges that appellant is a corporation, doing an irrigation business in Elmore county, Idaho; that in January, 1913, respondent purchased from it a perpetual water right for fifty acres of land; that by the terms of the conveyance appellant was required to deliver two acre-feet of water for each acre of land, during the irrigation season of each year thereafter, this water to be measured within a quarter mile of respondent's premises; that he relied upon the warranty requiring the delivery of the water, and had growing on said premises crops of grain, fruit and shade trees; that appellant had failed and neglected to deliver to him sufficient water for such crops and trees, and by reason thereof he was damaged in the sum of $4,870. .

The answer admits its corporate existence and the execution of the water deed, but denies most of the other material allegations of the complaint, and sets up certain affirmative matter by way of defense. It alleges that one of its storage reservoirs was connected with its distributing system by conduit, several thousand feet long, a part of which was a tunnel through a mountainside; that it exercised every precaution to keep said conduit in repair, but that on the 4th of July, 1914, a severe cloudburst occurred over a portion of the same, and the great amount of water caused the earth and rock over a portion of the tunnel to clog the same, so that it was impossible to get water through until the 14th of August; that said cloudburst and the

great quantity of water therefrom was unprecedented, and the breaking of said tunnel was an unusual accident, over which the appellant had no control or means of protecting itself; and that by the terms of its deed of conveyance it was exempt from liability for damages caused through accident, drouth, scarcity of water, or from any cause beyond its control.

The case was tried to the court sitting with a jury, and upon appellant's motion the court submitted with a general form of verdict twenty interrogatories pertaining to the issue raised by the pleadings. The jury returned a general verdict for respondent in the sum of $1,807.25, and answered eleven of the special interrogatories, failing to answer the remaining ones.

Appellant relies upon six assignments of error; the first, that the evidence is not sufficient to support certain special findings or the verdict or judgment entered thereon, particularly specifying wherein the evidence is insufficient; the second is predicated upon the refusal of the court to require the jury to answer all of the special interrogatories; the third, fourth and fifth are based upon alleged errors in the admission or refusal of the court to strike certain evidence, and in permitting respondent's counsel to make prejudicial remarks; the sixth is a general assignment based upon the court's entering judgment upon the verdict of the jury.

Appellant's counsel in their brief and also in their oral argument have very earnestly urged the insufficiency of the evidence to support the verdict, and point out many particulars wherein they claim it is insufficient, and we have endeavored to examine the same with care. While much of respondent's testimony is based upon his estimates of the acreage he claims to have had in various crops that were entirely lost, or were injured by reason of alleged failure to deliver water, instead of being based upon actual surveys of such acreage, yet we cannot say, considering the entire record, that respondent's evidence was so un-

satisfactory or insufficient as to warrant this court holding as a matter of law that it amounts to failure of proof.

Laws of 1907, p. 484, amended R. S., sec. 4824, now C. S., sec. 7170, by adding the following: "*Provided,* that whenever there is substantial evidence to support a verdict the same shall not be set aside."

This court, speaking through Justice Sullivan, in *Roseborough v. Whittington,* 15 Ida. 100, 96 Pac. 437, in first construing the effect of this amendment, said that "where there is substantial evidence to support the verdict, the same will not be set aside upon appeal."

Again, in *Herculith Co., Ltd., v. Gustafson,* 22 Ida. 537, 126 Pac. 1050, the court, speaking through the same justice, says: "Under the provisions of R. C., sec. 4824 (C. S., sec. 7170), where there is substantial evidence in support of a verdict, it *must* not be set aside."

No other provision of the statute has been more frequently referred to by this court than this one, and the construction first given to it by this eminent jurist is supported by an unbroken line of authority, holding that where there is a substantial conflict in the evidence, this court will not disturb the verdict of a jury.

We do not understand that appellant's counsel contends that there is no conflict in the evidence, but rather that by reason of much of the testimony on behalf of respondent being based upon estimates of the acreage in growing crops and other matters pertaining to the questions at issue, that such testimony was of such uncertain character that it ought not to be given any weight as against the testimony of engineers and surveyors, who base their testimony upon actual surveys made by them. It may well be that testimony based upon actual surveys made by competent engineers as to acreage or the amount of water furnished, or as to many other physical facts of this same general character, is worthy of greater credence than that based upon estimates of persons accustomed to farming irrigated lands, but after evidence of this kind has been received in support of the issues presented by the pleadings, and sub-

mitted to the jury under proper instructions, this court cannot say as a matter of law that the verdict is without any substantial support. If this class of evidence is not to be given any weight, it should be excluded as incompetent, and not allowed to go to the jury; but the authorities quite generally hold that it is competent, and that the weight to be given to it is a question for the jury.

Respondent was examined and cross-examined at great length with regard to the acreage he had in growing crops, the loss he had sustained on account of the failure of appellant to deliver water for such crops and his trees, and his testimony as to the extent of the injury by reason of insufficient water was corroborated by his wife and a number of other witnesses who were frequently upon the premises during the irrigating season of 1914. Upon the entire record, we cannot say that there was not a substantial conflict in the evidence, nor does the verdict appear to be the result of passion or prejudice on the part of the jury. The amount which the jury allowed the respondent was slightly in excess of one-third of what he was claiming, and less than the value fixed by a number of the witnesses.

In addition to the foregoing cases construing this amendment to C. S., sec. 7170, we refer to the following cases, which make particular reference to this section of the statute: *Valley Lumber Co. v. McGilvery,* 16 Ida. 338, 101 Pac. 94; *Just v. Idaho Canal & Improvement Co., Ltd.,* 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; *Lamb v. Licey,* 16 Ida. 664, 102 Pac. 378; *Leggett v. Evans,* 16 Ida. 760, 102 Pac. 486; *Fleenor v. Oregon Short Line R. R. Co.,* 16 Ida. 781, 102 Pac. 897; *Eaves v. Sheppard,* 17 Ida. 268, 134 Am. St. 256, 105 Pac. 407.

In *Herculith Co., Ltd., v. Gustafson, supra,* Justice Sullivan uses the following language: ''After careful examination of the evidence, we are satisfied that there is substantial evidence in the record to support the verdict, and we are admonished by the provisions of R. C., sec. 4824 (C. S., sec. 7170), that in such cases the verdict should not be set aside.''

In view of this unbroken line of authority, it should now be regarded as the settled rule of this court that wherever there is substantial evidence to support a verdict, it will not be disturbed by this court.

Appellant's second assignment is based upon the action of the court in not requiring the jury "to find upon particular questions of fact," numbered 17, 18, 19 and 20.

C. S., sec. 6861, reads:

"In an action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict. In all other cases the court may direct the jury to find a special verdict in writing upon any or all of the issues, and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon.

"The special verdict or finding must be filed with the clerk and entered upon the minutes. Where a special finding of fact is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly."

This section of our statute is common to many of the states, and has been frequently construed. It is the statutory expression of a power that has been exercised for ages under the common-law practice. (*Patterson v. United States*, 2 Wheat. (U. S.) 225, 4 L. ed. 224, see, also, Rose's U. S. Notes; *Tourtelotte v. Brown*, 1 Colo. App. 408, 29 Pac. 131.)

The decisions of other states are not in entire harmony. Much of this seeming conflict may be accounted for by the fact that the courts have not distinguished between the terms "special verdict" and "finding upon particular questions of fact," and also by reason of some of the statutes making the submission discretionary with the court, and others requiring the court to submit "special verdicts" and "particular questions of fact" upon request of a party to the action.

In this case the request was made by appellant that the court submit twenty special interrogatories. This was done, under an instruction by the court that the jury should answer the interrogatories if they returned a general verdict for the respondent. Upon returning such general verdict, appellant's counsel moved the court to require the jury to answer all of the special interrogatories submitted, which the court declined to do, stating that he doubted his authority to require the jury to do so; the jury was accordingly discharged, after having answered eleven of the twenty special interrogatories submitted, and returning the same with its general verdict in favor of the respondent.

In *Burke v. McDonald*, 2 Ida. 679, 33 Pac. 49, the court says: "Sec. 4397, R. S. (C. S., sec. 6861), leaves it optional with the jury in certain designated cases to find a general or special verdict. Where the issues are numerous and their nature such as is likely to confuse a jury, the court should insist on a special verdict, and should formulate the issues into separate and distinct issues, in logical and concise questions, and if it is not done the appellate court is warranted in holding it cause for reversal." This was an action on an adverse claim, however, and clearly comes within the provision of the statute giving the court authority to direct the jury to find a special verdict in writing upon all or any issues involved.

In *Shaw v. Manville*, 4 Ida. 369, 39 Pac. 559, this court says: "The objection of appellant that the verdict of the jury was general and not special, as stipulated by the parties, is not tenable. The statute (R. S., sec. 4397; C. S., sec. 6861) provides 'in an action for the recovery of money or specific real property, the jury in their discretion may render a general or special verdict. In all other cases the court may direct the jury to find a special verdict, etc.' This was an action for the recovery of money only. Neither the court by instruction nor counsel by stipulation could enforce the finding of a special verdict by the jury."

In *Fodey v. Northern Pac. R. R. Co.*, 21 Ida. 713, 123 Pac. 835, which was a personal injury action, the trial court refused to submit to the jury special interrogatories requested by the defendant railroad company, and which refusal was assigned as error. The court, after citing *Shaw v. Manville, supra,* said that this section of the statute seems to vest in the jury the discretion of returning either a general or special verdict in actions for the recovery of money only, and this case is an action to recover damages in money. The court further remarked that the special questions requested were all covered by several questions given to the jury, and likewise covered by the instructions of the court to the jury, and that appellant could not have been prejudiced by reason of the trial court not submitting such questions to the jury by special interrogatories.

In *Norman v. Rose Lake Lumber Co.*, 22 Ida. 711, Ann. Cas. 1913E, 673, 128 Pac. 85, which was an action for money only, this court, speaking through Justice Sullivan, said: "Under the provisions of sec. 4397, R. C. (C. S., sec. 6861), in an action for the recovery of money only, or specific real property, the jury in their discretion may render a general or special verdict; and in all cases the court may direct the jury to find a special verdict in writing upon all or any of the issues, and under the statute it is in the discretion of the jury whether they render a general or special verdict. Of course, if the court directed the jury in such a case to bring in special findings, the jury would no doubt do so. . . . . In the case at bar, it would have been perfectly proper for the court to submit some interrogatories to the jury, but we do not think it was reversible error for the court to refuse to do so."

It will be observed that none of these cases present the precise question here involved, that is, failure or refusal of the jury after having been instructed to do so, to answer the special questions submitted to them by the trial court.

The "particular questions of fact" answered by the jury cover all of the main issues presented by the pleadings, as

to the acreage, value of the various kinds of crops and trees claimed to have been injured or destroyed for lack of proper delivery of water, and also as to what would have been the total yield of each of said crops in case the two acre-feet had been supplied to such crops, and the value of such crops in the fall of that year in the vicinity of Mountain Home, and the expense of irrigating, caring for, harvesting and marketing such crops. The answers returned by the jury to these "particular questions of fact" are quite specific as to each item of loss, and total the aggregate amount of damages found by the general verdict. These answers, together with the general verdict, fully and fairly cover questions 17, 18, 19 and 20 as well as could be done under the evidence, which tends to show that the failure of appellant to furnish respondent with the water that he was entitled to receive began early in the season, and was continuous thereafter. The jury might have found that the greater part of the injury occurred before the flume was obstructed by the cloudburst on July 4th, which prevented further delivery until August 14th. It is a matter of common knowledge in this section that grain crops of this character, and growing trees, require frequent watering prior to the 4th of July, and if not sufficiently watered before that time the result is a partial or total failure. This was the purpose of questions 17, 18 and 19, and the trial court evidently took the view that these questions could not be more specifically answered than by the general verdict and answers given. The twentieth interrogatory sought to require the jury to answer specifically in case they found there was a shortage of water, whether or not it was due to the negligence of the appellant. The jury could not return a general verdict for respondent, unless it found that the damage was caused by appellant's negligence, without violating the court's instruction.

The court had instructed the jury that if it found the injuries sustained by respondent, if any, were caused in part by frost in early June, as well as by appellant's failure to furnish water, they should not find against ap-

pellant for the total damage sustained, and also instructed that if the jury found that the cave in the tunnel was an accident beyond the control of appellant, which prevented the delivery of water to mature respondent's crops and trees, that it could not find for respondent for any damage which occurred to such crops and trees after this accident occurred. The instructions were as favorable to appellant as the facts in the case would warrant.

It is not every request for particular findings of fact which should be submitted to the jury. The form of the questions should be such as to make the duty of the jury as easy and simple as possible. They should generally be drawn so as to admit of an answer by yes or no, and where the information desired cannot be so elucidated, the questions should be so framed as to require an answer as direct as the nature of the inquiry will permit. (*Fodey v. Northern Pac. R. R. Co., supra; Redford v. Spokane St. Ry. Co.,* 9 Wash. 55, 36 Pac. 1085.)

It is only fair and pertinent questions that can be truthfully answered under the testimony, that a party can insist on having answered as of right. (*Atchison T. & S. F. R. R. Co. v. Shaw,* 56 Kan. 519, 43 Pac. 1129.)

If the questions are immaterial, or are fairly embraced within those already answered, or within the general verdict of the jury, the omission to answer them does not affect the right to judgment of a party in whose favor a general verdict is rendered. (*Dyer v. Taylor,* 50 Ark. 314, 7 S. W. 258; *Johnson v. Continental Ins. Co.,* 39 Mich. 33; *McClary v. Stull,* 44 Neb. 175, 62 N. W. 501.)

If the questions have become immaterial by reason of the answers of preceding questions, they need not be answered. (*City of Wyandotte v. Gibson,* 25 Kan. 236.)

The failure to compel an answer to questions which the jury have ignored is equivalent to withdrawal of the questions, and the effect is the same as though the court had refused to submit them in the first instance. (*City of Wyandotte v. Gibson, supra; Robinson v. Palatine Ins. Co.,* 11 N. M. 162, 66 Pac. 535.)

In an action for the recovery of money only or specific real property, the submission of "particular questions of fact" to a jury to be answered by them in addition to a general verdict, is a matter within the discretion of the court, under our code. Neither party can require it as a matter of right. That submission being discretionary, they can be withdrawn by the court at any time before the special findings are given, and such withdrawal furnishes no ground for exception. Where the jury finds a general verdict in favor of the plaintiff, failing to agree upon any of the special questions submitted to them, a general verdict is properly received. (*Norman v. Rose Lake Lumber Co.*, *supra; Florence Machinery Co. v. Daggett*, 135 Mass. 582; *National Refining Co. v. Miller*, 1 S. D. 548, 47 N. W. 962; *Swift v. Mulkey*, 14 Or. 59, 12 Pac. 76; *Cleveland, C. C. & St. L. Ry. Co. v. Doerr*, 41 Ill. App. 530; *City of Wyandotte v. Gibson*, *supra; Burr v. Honeywell*, 6 Kan. App. 783, 51 Pac. 235; *Johnson v. Husband*, 22 Kan. 277; *Robinson v. Palatine Ins. Co.*, *supra;* Clementson on Special Verdicts, p. 105.)

The third specification is predicated upon the alleged error of the court in allowing the witness Braught to testify as to the value of certain fruit and shade trees, alleged to have been lost or injured by reason of insufficient water, on the ground that the witness had not shown himself qualified. It appears that the witness is a farmer, and had resided on his farm in this vicinity for ten years, and had raised a similar orchard to that on respondent's place; that his knowledge was based upon this experience and also that gained in similar work upon his father's farm; that his estimate of the value of such an orchard was based upon the benefit that it would be to the average farm used as a home, and the increased value of the land, instead of relying solely on the value that such an orchard would have for raising fruit for commercial purposes only. This was a small orchard, evidently not intended as a commercial enterprise, but put out with a view of adding to the comfort, convenience and enjoyment of the home, and its

value would not be limited to the cash income that such an orchard might return to the owner. We think the witness showed his competency to testify in a case of this kind, and that it was a matter for the jury to determine what weight should be given to such testimony.

The fourth specification is based upon the refusal of the court to strike from the record the testimony of this witness, on the ground that it shows that his valuation is not based upon the proper measure of damages for shade and apple trees, which motion was denied. The measure of damages for the destruction of trees for want of water is what such trees were worth, on the premises in their growing state, at the time of their destruction, and in determining that question there may be taken into consideration the difference in value of the land immediately before the trees were planted and the value of the land after the trees were planted, which increase in value results by reason of the value of the trees in a growing condition. (*Hanes v. Idaho Irr. Co.*, 21 Ida. 512, 122 Pac. 859; 8 R. C. L., sec. 46, p. 486, and cases cited under notes 7, 8 and 9.) The witness took this element into consideration in fixing his estimate as to the value of the apple trees, but appears to have based his estimate of the value of the shade trees solely upon the cost of planting and taking care of them to the time of their loss. The cost of raising trees is not necessarily the correct measure of damages suffered for their loss, and the testimony of the witness as to the value of the shade trees should have been stricken. In view of the jury having allowed $450 for the loss of these shade trees, the entire number claimed to have been lost, and the remaining evidence as to their value not being as satisfactory as might be desired, we conclude that there was error in refusing to strike the testimony regarding the value of these shade trees, as we cannot say to what extent it may have influenced the finding of the jury that these trees were worth $450.

The fifth assignment is based upon alleged improper remarks of counsel for respondent, made during the course

of the trial, wherein it is urged that respondent's counsel referred to appellant as a "gigantic corporation" and "artificial being," which was attempting to drive "this old couple" out. We do not approve of the use of language of this kind. The trial judge, upon having his attention called to the remarks, instructed the jury that it was not to take into consideration the difference between the parties, or whether one of them was a corporation, and instructed counsel to be guided by such instructions. In view of the apparently painstaking attention given to the "particular questions of fact" submitted to the jury, and having in mind the entire record, we are of the opinion that the minds of the jurymen could not have been greatly influenced by the remarks of counsel complained of, and in view of the court's instruction, that they do not amount to prejudicial error. Something must be presumed for the intelligence and fairness of the jurymen, and that they will not ordinarily be influenced into rendering a verdict contrary to the instructions of the court and the evidence, by every idle or improper remark that may be made during the progress of a trial.

In view of the error of the trial court in not striking from the record the testimony of the witness Braught, with regard to the value of the shade trees, the value found by the jury in the sum of $450 should be remitted, and if it is so remitted within thirty days from the filing of the *remittitur*, the judgment will be affirmed, otherwise a new trial will be awarded. Costs allowed to respondent.

Rice, C. J., and Budge, McCarthy and Dunn, JJ., concur.