(No. 4681.    February 29, 1928.)

D. H. KERBY, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

[264 Pac. 377.]

RAILROADS—ACCIDENTS AT CROSSING—RINGING OF BELL AND BLOWING OF WHISTLE—PRIMA FACIE CASE—BURDEN OF PROOF—EVIDENCE— NEGATIVE TESTIMONY—CONDUCT OF COUNSEL.

1. Failure of railroad to ring bell or sound whistle when approaching highway crossing, as required by C. S., sec. 4820, is insufficient in itself to authorize a recovery, unless plaintiff can show that injury was inflicted by the locomotive or train.

2. Fact that railroad failed to ring bell or sound whistle on approaching a highway crossing, as required by C. S., sec. 4820, makes *prima facie* case of negligence to be submitted to jury, in action for injury to cattle at highway crossing.

3.  In action for injury to cattle at a highway crossing, where four witnesses, who at time of accident were within vicinity of crossing, testified they did not hear whistle, and defendant's engineer was only witness who positively testified whistle was blown, credence and weight to be given such testimony, in view of presumption that engineer performed his duty to sound whistle, was for jury, and hence denial of defendant's motion for nonsuit, because evidence did not show failure to sound whistle on approaching crossing, as required by C. S., sec. 4820, was not error.

4.  In action for injury to cattle at a highway crossing, where defendant's engineer testified that cattle were struck on a public crossing, instruction that failure to ring bell or sound whistle, as required by C. S., sec. 4820, was negligence *per se* and rendered railroad liable, unless injury was contributed to by owner of cattle, *held* not error, as permitting jury to find railroad was liable if cattle were struck any distance from crossing.

5.  In action for injury to cattle at highway crossing, error in instruction that failure of railroad to ring bell or sound whistle, as required by C. S., sec. 4820, was negligence *per se,* and rendered railroad liable, unless owner of cattle contributed to injury, was harmless, where there was no sufficient evidence to overcome *prima facie* case, made by proof that crossing signals were not given.

6.  Rule that proof of failure of railroad to ring bell or sound whistle when approaching highway crossing, as required by C. S., sec. 4820, makes *prima facie* case of negligence for jury, does not relieve plaintiff on all evidence from burden of proof, but simply shifts burden of evidence, or of going on with further evidence.

7.  In action for injury to cattle at a highway crossing, whether, on all the evidence, railroad's failure to ring bell or sound whistle when approaching crossing, as required by C. S., sec. 4820, was negligence causing injury, was for jury.

8.  Where attention of those testifying to a negative was not attracted to occurrence which they say they did not see or hear, and where their situation was not such that they probably would have observed it, their testimony is not inconsistent with that of credible witness who was in position favorable for observation and who testifies positively to occurrence.

9.  Where witness testifies he failed to see or hear, such evidence is relevant, provided surroundings and circumstances are such that probability or inference is that alleged fact would have been seen or heard had it existed or happened.

10.  In action for killing cattle at a highway crossing, where railroad's only claim was that its engineer blew whistle on ap-

proaching crossing, refusal of its requested instruction that either ringing bell or sounding whistle was compliance with C. S., sec. 4820, was not error, especially where such matter was covered by given instructions.

11. In action for killing cattle at railroad crossing, argument of plaintiff's counsel as to railroad's permitting inexperienced men to pass on similar claims and forcing livestock owners into litigation *held* not reversible error, in view of trial court's admonition and instruction to jury to disregard.

12. Arguments of counsel should be confined to issues and evidence and inferences legitimately to be drawn therefrom, and not to matters outside record, in effort to prejudice rights of opposite party.

13. Judgments will not be reversed for misconduct of counsel at trial unless appellate court is of opinion it had prevailing influence on jury to appellant's detriment.

14. Matter of directing and controlling trial, including argument of counsel, to great extent rests within trial court's discretion.

Publisher's Note.

2. Proof of violation of statute as tending to show negligence, see note in 9 Ann. Cas. 431; 9 L. R. A., N. S., 339. See, also, 20 R. C. L. 38 et seq. Private action for violation of statutory duty to signal approach at crossing, see notes in 9 L. R. A., N. S., 365; L. R. A. 1915E, 533. See, also, 22 R. C. L. 999.

3. Weight of negative and positive testimony as to signals by locomotive, see notes in 12 Ann. Cas. 1035; 18 Ann. Cas. 633; Ann. Cas. 1916A, 163. See, also, 10 R. C. L. 1011.

7. See 22 R. C. L. 988, 999.

8. See 2 R. C. L. 416.

12. Statement of facts not in evidence by counsel in argument as ground for reversal, see note in L. R. A. 1918D, 4. See, also, 2 R. C. L. 416.

13. Misconduct in argument warranting reversal, see note in 9 Am. St. 559. See, also, 2 R. C. L. 435.

See Appeal and Error, 4 C. J., sec. 2938, p. 957, n. 67; sec. 3026, p. 1041, n. 32.

Evidence, 22 C. J., sec. 22, p. 79, n. 25; sec. 94, p. 169, n. 25; 23 C. J., sec. 1787, p. 44, n. 89.

Railroads, 33 Cyc., p. 967, n. 6, p. 968, n. 8, p. 1282, n. 97, p. 1309, n. 73, p. 1310, n. 77, p. 1312, n. 98.

Trial, 38 Cyc., p. 1472, n. 51, p. 1494, n. 79, p. 1504, n. 65, p. 1711, n. 19.

APPEAL from the District Court of the Seventh Judicial District, for Valley County.    Hon. Ed. L. Bryan, Judge.

Action for damages for killing stock at railroad crossing. Judgment for plaintiff.    *Affirmed.*

Geo. H. Smith, H. B. Thompson and J. H. McEvers, for Appellant.

Before negative testimony is admissible for any purpose, and before it will rise to the importance of affirmative proof, it must be shown that the witness was in a position to hear, and that he would in all probability have heard had the whistle blown and the bell rung.    (*Schlessinger v. Schlessinger,* 39 Colo. 44, 88 Pac. 970, 8 L. R. A., N. S., 863; *Fincher v. Bosworth & Co.,* 77 Colo. 496, 238 Pac. 38; 22 C. J. 169; *Fleenor v. Oregon Short Line R. Co.,* 16 Ida. 781, 102 Pac. 897; *Lyons v. Chicago City Ry. Co.,* 258 Ill. 75, 101 N. E. 211; *Gibb v. Hardwick,* 241 Mass. 546, 135 N. E. 868; *Dodds v. Omaha & C. B. Street R. Co.,* 104 Neb. 692, 178 N. W. 258; *Jensen v. Oregon Short Line R. Co.,* 59 Utah, 367, 204 Pac. 101.)

Negative testimony must yield to positive testimony, and unless negative testimony is clear and convincing, it raises no conflict in evidence to be submitted to the jury.    (*Burrow v. Idaho & W. N. R. R. Co.,* 24 Ida. 652, 135 Pac. 838; *Chicago & N. W. R. Co. v. Andrews,* 130 Fed. 65, 64 C. C. A. 399; *Lehigh Valley R. Co. v. Mangan,* 278 Fed. 85; *Missouri, K. & T. Ry. Co. v. McCoy,* 7 Ind. Ter. 288, 104 S. W. 620; *Weir v. Kansas City Rys. Co.,* 108 Kan. 610, 196 Pac. 442; *Cartwright v. New Orleans Ry. & Light Co.,* 131 La. 210, 59 So. 124; *Williamson v. Wabash R. Co.,* 139 Mo. App. 481, 122 S. W. 1113.)

The duty to ring the bell and blow the whistle, as provided by sec. 4820, C. S., applies only to men and animals using the public highway, and not to trespassers or those straying upon the tracks, or loitering about or near a crossing. (*Wheeler v. Oregon R. & N. Co.,* 16 Ida. 375, 102 Pac. 347;

22 R. C. L., p. 1002, sec. 230; *Fisher v. Pennsylvania R. Co.*, 126 Pa. 293, 17 Atl. 607; *St. Louis B. & M. Ry. Co. v. Knowles* (Tex. Civ. App.), 180 S. W. 1146; *Southern Ry. Co. v. New*, 105 Ga. 481, 30 S. E. 665; *Nashville C. & St. L. R. Co. v. Hembree*, 85 Ala. 481, 5 So. 173.)

It must be shown that the failure to ring the bell or to blow the whistle in some measure contributed to the injury. (C. S., sec. 4820; *St. Louis B. & M. Co. v. Knowles, supra.*)

Under the provisions of C. S., sec. 4820, it is sufficient if either the whistle be blown or the bell be rung. It is not necessary that both be done. (33 Cyc. 668; *Kosher Dairy Co. v. New York S. & W. R. Co.*, 81 N. J. L. 145, 78 Atl. 1052.)

Whether failure to comply with C. S., sec. 4820, must be proximate cause of injury in order to constitute actionable negligence is one of first impression with this court. (*Wheeler v. Oregon-Wash. R. & N. Co., supra; Orcutt v. Pacific Coast Ry. Co.*, 85 Cal. 291, 24 Pac. 662.)

Negligence is not actionable unless it is the proximate cause of the injury sought to be redressed. (33 Cyc. 1045, 1046; *Antler v. Cox*, 27 Ida. 517, 149 Pac. 731; *Southern Ry. Co. v. Crawford*, 164 Ala. 178, 51 So. 340; *Miner v. McNamara*, 81 Conn. 690, 72 Atl. 138, 21 L. R. A., N. S., 477.)

C. S., sec. 4820, so far as it pertains to an action for damages prosecuted on behalf of an individual, is remedial and not penal. (25 R. C. L. 1079, 1081, 1084, 1086; 36 Cyc. 1180, 1183, 1188, 1189.)

It is error to give an instruction that a violation of the statute makes the defendant liable, without specifying that such liability is contingent upon the injury having been proximately caused by the negligence. (*Lawrence v. Southern Pac. Co.*, 189 Cal. 434, 208 Pac. 966.)

Where men or animals by the sense of hearing or the sense of sight are advised of the approach of a train and, regardless thereof, go upon the track, failure to give statutory signals is not the proximate cause of the injury. (33 Cyc. 966; 3 Elliott on Railroads, sec. 1652, p. 520; *Elliott v. New*

*York, N. H. & R. Co.,* 84 Conn. 444, 80 Atl. 283; *Moore v. Seaboard Airline R. Co.,* 30 Ga. App. 466, 118 S. E. 471; *Illinois C. R. Co. v. Dupree,* 138 Ky. 459, 128 S. W. 334, 34 L. R. A., N. S., 645; *Atlantic & D. Ry. Co. v. Reiger,* 95 Va. 418, 28 S. E. 590.)

D. M. Cox, Wm. M. Morgan and E. B. Smith, for Respondent.

The testimony of witnesses, who were in position to have heard a crossing signal if it had been sounded, that they did not hear it, is competent evidence tending to show it was not sounded; and the weight to be given to it is a question for the jury. (*Louisville & N. R. Co. v. Molloy's Admx.* (Ky.), 107 S. W. 217; *Stotler v. Chicago & A. Ry. Co.,* 200 Mo. 107, 98 S. W. 509; *Paris & G. N. R. Co. v. Lackey* (Tex. Civ. App.), 171 S. W. 540; *Northern Pac. Ry. Co. v. Heaton,* 191 Fed. 24; *Grand Trunk Western Ry. Co.. v. Reynolds,* 175 Ind. 161, 92 N. E. 733, 93 N. E. 850; *Thompson v. Los Angeles & S. D. B. Ry. Co.,* 165 Cal. 748, 134 Pac. 709; *Lucarelli v. Boston Elevated Ry. Co.,* 213 Mass. 454, 100 N. E. 632; *Riley v. Northern Pacific Ry. Co.,* 36 Mont. 545, 93 Pac. 948; *Russell v. Oregon R. & Nav. Co.,* 54 Or. 128, 102 Pac. 619; *Kaufmann v. Chicago, M. & St. P. Ry. Co.,* 164 Wis. 359, 159 N. W. 552, 1067; *Mellon v. Lehigh Valley R. Co.,* 282 Pa. 39, 127 Atl. 444; *Nashville, C. & St. L. Ry. v. Prince,* 212 Ala. 499, 103 So. 463.)

The testimony of witnesses, who were in position to have heard a crossing signal if it had been sounded, that they did not hear it, contradicted by positive testimony that the signal was sounded, constitutes a conflict in the evidence to be submitted to the jury. (*Fleenor v. Oregon Short Line R. R. Co.,* 16 Ida. 781, 102 Pac. 897, and cases therein cited.)

"Instructions asked are properly refused when they are not based upon some evidence material to the controversy although as abstract principles of law they are correct." (*Johnson v. Fraser,* 2 Ida. 404, 18 Pac. 48; *Gwin v. Gwin,*

5 Ida. 271, 48 Pac. 295; *Snook v. Olinger,* 36 Ida. 423, 211 Pac. 559; 14 R. C. L. 782–791, secs. 49–51.)

C. S., sec. 4820, makes the failure of a railroad company to comply with its provisions negligence *per se,* and respondent made a *prima facie* case, which he was entitled to have submitted to the jury when he showed noncompliance with the law by appellant and that his cattle were killed by its locomotive on the crossing. The burden of proof was on appellant to show that its failure to comply with the law was not the proximate cause of the injury. (*Wheeler v. Oregon R. R. etc. Co.,* 16 Ida. 375, 102 Pac. 347; *Northern Pac. Ry. Co. v. Heaton,* 191 Fed. 24, 111 C. C. A. 548; *Stotler v. Chicago & A. Ry. Co.,* 200 Mo. 107, 98 S. W. 509.)

"Contributory negligence on the part of plaintiff necessarily assumes negligence on the part of defendant." (29 Cyc. 506, par. c; *Rogers v. Davis,* 39 Ida. 209, 228 Pac. 330.)

"Something must be presumed for the intelligence and fairness of a jury, and that it will not be influenced contrary to the evidence and instructions by every improper remark made or act done in its presence during the progress of the trial," and "While judgments have been reversed by reason of misconduct of counsel at the trial, this should never be done unless the appellate court is of the opinion that such misconduct had prevailing influence upon the jury to the detriment of appellant." (*Cochran v. Gritman,* 34 Ida. 654, 203 Pac. 289; *Watkins v. Mountain Home Co-op. Irr. Co.,* 33 Ida. 623, 197 Pac. 247; *Haverland v. Potlatch Lumber Co.,* 34 Ida. 237, 200 Pac. 129.)

ADAIR, Commissioner.—Defendant appeals from a judgment for damages for the killing of cattle at a public crossing on its railroad. Respondent based his claim solely on alleged negligence in failing to ring a bell or sound a whistle as required by C. S., sec. 4820, the last clause of which reads as follows:

"The corporation is also liable for all damages sustained by any person, and caused by its locomotives, trains or cars, when the provisions of this section are not complied with."

The appellant denied failure to ring the bell or blow the whistle, and now contends that even if there was such a dereliction on the part of its servants, this was not the proximate cause of the injury. The answer denied all liability, and alleged contributory negligence, which latter defense has been waived here.

[1, 2] It is urged that it was necessary for the plaintiff to furnish evidence upon which the jury could determine the causal relation of the failure to give the signals, and the ensuing collision and injury; that even the most vague conjecture would not suggest that the blowing of the whistle or the ringing of the bell would have prevented the injury to these dumb animals; and that there is no evidence whatsoever upon which the jury could base a finding that the failure to give these signals was the proximate cause of the injury.

In support of this contention, many cases were cited from states having similar statutes. In some of those decisions it has been held that while the failure to blow the whistle or sound the bell is negligence *per se*, such proof does not establish a plaintiff's right to recover, since he is required to go further and show that such negligence was the proximate cause of the injury. These cases follow the general rule ordinarily applicable to negligence cases, forcibly stated by Mr. Justice Sanner, in *Westlake v. Keating Gold Min. Co.*, 48 Mont. 120, 136 Pac. 38:

"It is a rule so fundamental as to be axiomatic . . . . that before negligence, however established, can become a basis of recovery, causal connection must be shown between it and the injury complained of."

This is the general rule in common-law negligence. However, our statute has been so construed to establish a rule somewhat to the contrary. (*Wheeler v. Oregon R. & N. Co.*, 16 Ida. 375, 102 Pac. 347.) While, in the original opinion therein, it was said that "This statute does not rest the liability for damages upon the contingency that the injury sustained was the result of the failure to ring the bell or blow the whistle, but declares absolutely that where the bell

is not rung or the whistle blown and damages are sustained, the company is liable," and: "Under this statute the plaintiff makes his case by showing the negligence or non-compliance with the law, and the injury . . . . " yet, upon petition for rehearing, this position was somewhat modified, the court there saying: "We have held, and are of that opinion still, that a failure to ring a bell or blow a whistle at a crossing as required by the statute is in itself negligence. This fact alone would not entitle a plaintiff to recover, unless he can also show that the injury was inflicted by the defendant's locomotive or train of cars. The fact that a bell was not rung or a whistle blown would not make the company liable for an injury that it did not inflict. When, however, it is shown that the injury was inflicted by the defendant's locomotive or train of cars at a place where it is required to blow its whistle or ring its bell, and it is shown that the company failed and neglected to comply with the law in this regard, the plaintiff has made a *prima facie* case that he is entitled to have submitted to the jury." And: "We think, however, that when the injury is established as having been inflicted by the defendant, and negligence in not blowing the whistle or ringing the bell is shown, a *prima facie* case is made which would entitle the plaintiff to a recovery."

This holding goes beyond the general rule that a breach of duty prescribed by law must be not only a cause, but a proximate cause of the damage, and that a plaintiff cannot recover upon mere proof of his injury coincident with the defendant's breach of a statute, but would in such case fail for want of connection between the defendant's negligence and the plaintiff's damage, and must prove that the violation of law was the proximate cause of his damage, and that this will not be presumed. (1 Shearman & Redfield on Negligence, 6th ed., secs. 13, 26, 27; 2 Thompson on Negligence, sec. 1558.) But, as applied to this particular statute, the rule that the proof recited makes a *prima facie* case to be submitted to the jury, was arrived at after mature

deliberation, and has become the law of this state, followed since 1909, and will not now be disturbed.

[3]  The complaint alleged, and the answer admitted, that the animals "strayed in and upon the track . . . . at a point where said track crosses a public highway or road," and defendant's engineer testified that the animals were struck on the crossing, and the evidence tended to establish failure to comply with C. S., sec. 4820.  The evidence upon the latter point being hereinafter discussed, and held sufficient to go to the jury, the plaintiff made a *prima facie* case that he was entitled to have submitted to the jury; and as it cannot be said upon all of this evidence, as a matter of law, that this *prima facie* case was overcome, a denial of a directed verdict was not error.

[4]  Defendant complains of an instruction which, following one reciting the requirements of the statute, was as follows:

"You are instructed that the failure of the agents and employees of a railroad company to ring a bell or sound a whistle, as by said law required, upon approaching and crossing a road or highway, is negligence *per se*, or negligence in law, and renders the company liable for all damage sustained by reason of the locomotive, train, or cars coming in contact with, or colliding with, the property of others, provided such damage, or injury, was not caused or contributed to by, or through the fault of the owner of said property, his agents or employees."

This instruction is claimed to have been "too general and indicated that a railroad company, where it failed to comply with the provisions of C. S., sec. 4820, for a crossing, might be held liable under that statute for animals killed without relation to where they were at the time, . . . . without limiting the liability to injuries occurring on the crossing itself.  Under this instruction, the jury was entitled to find the railroad company liable if the cows were struck any distance from the crossing, no matter what that distance might be."

The evidence of defendant's engineer was that the cattle were struck upon the public crossing. Defendant's concern as to some other state of facts is not material here.

[5]  It is further contended that this instruction is erroneous in that it would fix an absolute liability upon defendant, regardless of the negligence being the proximate cause of, or not contributing in the slightest degree to, the injury, and did not require the jury to find the negligence to be the proximate cause of the injury in order to entitle plaintiff to recover.

The instruction was erroneous. The jury should have been appropriately instructed as to the consideration to be given to, and the weight and effect of, the *prima facie* case made, if they found the failure to comply with the statute and the injury.

[6, 7]  The *prima facie* case established under the rule in the Wheeler case does not relieve the plaintiff upon all the evidence from the burden of proof, but simply shifts the burden of evidence, or of going on with further evidence. (22 C. J., p. 79; 1 Shearman & Redfield on Negligence, 6th ed., sec. 58.) It is for the jury to determine, from all the evidence introduced, that constituting the *prima facie* case as well as all other evidence, whether the weight predominates in favor of the plaintiff, that the negligence was the cause of the injury. (22 C. J., p. 80; *Inhabitants of Cohasset v. Moors,* 204 Mass. 173, 90 N. E. 978.) They should have been instructed that the failure to comply with C. S., sec. 4820, must have been the proximate cause of the injury, to entitle the plaintiff to recover. However, this error should not reverse the case, for there was no sufficient evidence to overcome the *prima facie* case made.

Error is assigned in denial of the motion for a directed verdict for insufficiency of the evidence upon another point, to wit: to establish the failure to sound the whistle. We need not discuss the motion for judgment *non obstante.* (*Prairie Flour Mill Co. v. Farmers' Elevator Co., ante,* p. 229, 261 Pac. 673.)

Four witnesses, variously situated at the time of the approach of the train, but within the vicinity of the crossing, and all within a radius of seven-tenths of a mile therefrom, testified that they did not hear the whistle. Their testimony was negative in character, and its weight of somewhat debatable value. Only the engineer testified positively that the whistle was blown. Whether the evidence of those other persons, who testified that they heard no signals, is entitled to credence, would depend on their respective facilities and abilities to hear, as well as whether their attention was directed to the approach of the train. The fact that an engineer, charged with the duty of giving these signals many times a day, might possibly erroneously believe that he did so on this occasion, just as a man leaving his house or office might believe that he had locked his door because it was his habit and duty to do so, should be considered.

It is urged that negative testimony must yield to positive testimony, and unless negative testimony is clear and convincing, it raises no conflict in evidence to be submitted to the jury. In support of this proposition are cited nearly fifty cases which we have examined. The respondent cited an equally formidable list of authorities to the effect that the testimony of witnesses, who were in a position to have heard a crossing signal, that they did not hear it, is competent evidence tending to show it was not sounded, and the weight to be given to it is a question for the jury. Each case, of course, depends on its own peculiar facts, but the rule that the weight of such testimony is for the jury is preferable, and the one which this court has likewise heretofore adopted. In *Fleenor v. Oregon Short Line R. Co.,* 16 Ida. 781, 102 Pac. 897, this court held:

"Many other authorities have been cited by respondent holding to the same effect as the foregoing on the weight and sufficiency of this class of evidence, some holding that although negative in character it is proper to go to the jury even though it is contradicted by testimony of eyewitnesses. Other cases hold that it should not be classed

as negative evidence where it tends to prove a positive and affirmative issue, but is entitled to enter the category of positive proof, although negative in character."

[8]  From a careful analysis of the many cases cited, it appears to be a rule well established that where the attention of those testifying to a negative was not attracted to the occurrence which they say they did not see or hear, and where their situation was not such that they probably would have observed it, their testimony is not inconsistent with that of credible witnesses who were in a position favorable for observation, and who testify affirmatively and positively to the occurrence. (See *Bergman v. Northern Pacific Ry. Co.* (C. C. A.), 14 Fed. (2d) 580, and the cases therein cited.)  However, where the circumstances are such as to warrant the jury in believing that witnesses, variously located, with their attention called to an approaching train, would have heard the signals if they had been given, such evidence is to be weighed by the jury. (*Northern Pacific Ry. Co. v. Heaton* (C. C. A.), 191 Fed. 24; *Stotler v. Chicago & A. Ry. Co.,* 200 Mo. 107, 98 S. W. 509.) To like effect, there is much respectable authority.

In the case of *Stotler v. Chicago & A. Ry. Co., supra,* Justice Lamm said:

"It is true plaintiff's evidence was negative evidence, but so was the fact to be proved a negative fact, and the best evidence of which the case was susceptible from her standpoint must necessarily be negative evidence in its characteristics; that is, evidence from those who were in a situation to hear and who did not hear. Unless, then, we are ready to adopt the theory that negative evidence must be taken in a forum of reason as entirely overthrown by the positive testimony of those who claim to have given (or heard) the signals, the insistence of appellants cannot be permitted."

[9]  It frequently happens that so-called negative testimony is so destitute of probative value that it will not be received, but it is not always necessary or possible that relevant testimony should be presented in affirmative form.

Where a witness testifies that he failed to see, or hear, such evidence is relevant, provided the surroundings and circumstances are such that the probability or inference is that the alleged fact would have been seen or heard had it actually existed or happened. In the case at bar, at least some of the witnesses heard the train coming down the canyon, and they observed its approach, although they may not have had their minds directly on the specific fact as to whether the whistle was sounded. Their location, occupation at the time, opportunities for hearing and observing, and all the surroundings were questions to be duly considered by the jury in weighing their testimony.

The important, controlling issue in this case was whether the signals were given by the men in charge of appellant's engine. The engineer alone testified to the effect that the whistle was blown. In corroboration of his statement is the presumption, in the absence of a contrary showing, that the engineer performed his duty in that regard. (*White v. Arizona Eastern R. Co.,* 30 Ariz. 151, 245 Pac. 270.) Opposed to this presumption and the direct testimony of the engineer were the statements of four disinterested witnesses that they did not hear the signals given. Surely, the respondent should not have been deprived of such testimony. Whether these witnesses were in a position to hear, and had their attention sufficiently drawn to the train at the time, and the credence and weight to be given to their statements, and also the weight to be given to the positive testimony of the engineer, was solely a question for the jury. The court did not err in refusing to strike such testimony, nor in denying the motion for nonsuit.

[10] It is urged that the court should have given a requested instruction to the effect that either the ringing of the bell or blowing of the whistle was a sufficient compliance with the statute. It was not error to refuse the same, since the appellant itself only claims that the whistle was blown. It is true that in one question propounded to the engineer, his answer thereto might indicate that the

bell was rung, but this inference was suggested only by the counsel for appellant in the form of the question, the engineer elsewhere testifying only that he sounded the whistle.   In any event, the instruction given, that the failure of the agents and employees of a railroad company to ring a bell or sound a whistle, is negligence *per se,* correctly covered the matter contained in the requested instruction which was refused.

During the course of the closing argument, counsel for appellant frequently interrupted respondent's counsel with objections upon which the trial court ruled, at times in favor of the objector and at other times sustaining the propriety of the argument.   When the objection was sustained, the jury were admonished to disregard such arguments as were conceived by the court to be improper.   It is urged that these misstatements were prejudicial in that they were irrelevant, extrinsic and inflammatory in character, and must have influenced the jury adverse to appellant.

[11, 12]   We shall not quote the language of counsel to which objections were interposed, but it will suffice to say that in general it was to the effect that it is not the history of railroad companies that they are fair to the farmer; but that, on the contrary, when they injure livestock; rather than pay for their negligence railroad companies force the owner into unnecessary litigation; that whether this is due to the fact that they have attorneys employed by the year and must keep them busy, or because inexperienced men pass upon this class of claims, is not known; but that if these claims were submitted to men of more mature judgment for investigation, cases like this would not be in court. Other statements along these lines were also made, based upon matters *dehors* the record, and therefore improper arguments to be made in any case.   This court does not approve of such conduct on the part of counsel.   An attorney should confine his arguments to the issues and the evidence adduced, and to inferences which can legitimately be drawn therefrom, and not go outside the record in an effort to prejudice the rights of the opposing party.

[13]  This court has many times had before it this iden-
tical question, and has proclaimed the rule that judgments
will not be reversed by reason of misconduct of counsel at
the trial, unless the appellate court is of the opinion that
such misconduct had prevailing influence upon the jury to
the detriment of appellant.   (*Cochran v. Gritman,* 34 Ida.
654, 203 Pac. 289; *Haverland v. Potlatch Lumber Co.,* 34
Ida. 237, 200 Pac. 129; *Watkins v. Mountain Home Co-op.
Irr. Co.,* 33 Ida. 623, 197 Pac. 247; *Theriault v. California
Ins. Co.,* 27 Ida. 476, Ann. Cas. 1917D, 818, 149 Pac. 719.)

[14]  The matter of directing and controlling the trial
of a cause, including the arguments of counsel, to a great
extent lies within the sound discretion of the presiding
trial judge, and in this case it does not appear that this
discretion was in any manner abused.  The most palpably
improper or prejudicial statements of counsel were dis-
approved by the court, and the jury were admonished and
instructed to disregard them; and we think this cured the
error complained of.  After a careful examination of the
entire record, we are of the opinion that the misconduct
of counsel in the closing argument did not have a prevail-
ing influence on the jury and did not actuate it to im-
properly render a verdict against the appellant.

I recommend that the judgment be affirmed, with costs to
respondent.

The foregoing is approved as the opinion of the court.
The judgment is affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ.,
concur.

GIVENS, J., Concurring in Part.—I concur, except as
to the construction placed upon *Wheeler v. Oregon R. &
N. Co.,* 16 Ida. 375, 102 Pac. 347, and C. S., sec. 4820.

Budge, J., dissents.

Petition for rehearing denied.