(No. 5888.   December 21, 1932.)

DUELLIN LIGHTNER, Administrator of the Estate of BERT LIGHTNER, Deceased, Respondent, v. RUSSELL & PUGH LUMBER COMPANY, a Corporation, Appellant; C. E. CHRISTY, Defendant.

[17 Pac. (2d) 349.]

Ezra R. Whitla, for Appellant Russell & Pugh Lumber Company.

618

James F. Ailshie, for Respondent Lightner.

J. Ward Arney, for Respondent Christy.

BUDGE, J.—In this action respondent (plaintiff below) seeks to recover an alleged balance due for logs and timber sold and delivered to appellant and one Christy (defendants below). The original complaint was filed by Bert Lightner as plaintiff and alleged the corporate capacity of defendant corporation; that in the transaction thereafter alleged defendant Christy was its authorized agent; that plaintiff, between May 1, 1928, and July 1, 1928, sold and delivered certain logs and timber of the agreed value of $1,327.72 to defendants, who each orally promised to pay the purchase price therefor; that Christy, at the time of the sale, gave plaintiff an order on defendant corporation for $250, which was paid by the latter; that in June, 1928, Christy gave to plaintiff two orders on defendant corporation for $923.60 and $154.06, respectively, which it retained and thereafter paid $373.56 thereon, leaving a balance due and unpaid from defendants to plaintiff of $704.16, with interest, for which plaintiff prayed judgment. Separate answers were

filed by defendants denying each and all of the allegations of the complaint. Some months after the filing of such answers, without leave of court, an amended complaint was filed by Duellin Lightner, as administrator of the estate of Bert Lightner, deceased, setting forth two causes of action, in each of which is alleged the death of Bert Lightner since the commencement of the action and the appointment and qualification of respondent as such administrator; the corporate capacity of defendant corporation; the agency relation existing between defendants in connection with the transaction involved; the sale, between May 1, 1928, and July 1, 1928, of logs and timber by Bert Lightner to defendants of the agreed value of $1,327.72; and that defendants each orally promised to pay the purchase price thereof. The first cause of action continues with allegations that defendants paid Bert Lightner $623.16 on account of said purchase and no more; and that there is due and unpaid from defendants to plaintiff the sum of $704.16, with interest. The second cause of action continues with allegations that at the time of the sale Christy, under authority and instructions of defendant corporation, gave Bert Lightner a written order on the corporation for $250, which was paid; that Christy, pursuant to said agency and authority, made and delivered to Bert Lightner orders on defendant corporation on the following dates and in amounts respectively as follows: June 11, 1928, $923.66, and June 26, 1928, $154.06; that Bert Lightner, immediately upon receipt of said orders, delivered the same to defendant corporation, which thereafter retained them; that thereafter said defendant corporation paid the sum of $373.56 on account of said orders and no more, and there is due and owing from defendants to plaintiff the sum of $704.16, with interest, for which judgment is prayed.

A motion to strike the amended complaint was filed by defendant corporation, which was denied. Thereafter separate answers were filed by defendants, the answer of defendant corporation in effect denying each of the material allegations of the amended complaint, and as an affirmative

defense substantially alleged that the orders referred to in the second cause of action were left with it for collection from Christy, and that certain goods sold to Bert Lightner by defendant corporation were by agreement set off against said unpaid orders and charged to the account of Christy; that said orders were left with it for collection from Christy by it as the agent of Bert Lightner. As a further affirmative defense it alleged, upon information and belief, that pursuant to a written contract between Bert Lightner and Christy certain logs were sold to the latter of which Bert Lightner informed defendant corporation, and also stated that he had sold said logs to Christy and was looking to him alone for payment and that Christy was not acting as the agent of defendant corporation in any manner.

Upon these issues the cause was tried by the court and a jury. At the close of all the evidence, a motion for nonsuit was sustained as to the second cause of action. Verdict resulted in favor of respondent and against defendant corporation alone for $879.36, upon which judgment was duly entered. Thereafter a motion for new trial, made by defendant corporation, was denied. From the judgment and from the order denying a new trial defendant corporation alone has appealed.

A motion to strike certain assignments in appellant's brief has been made. There is some merit in the motion. However, in the body of the brief the grounds of the motion have, in a measure, been obviated, and we have concluded to deny the motion, without indorsing the practice. An examination of the brief discloses, among other defects and omissions, an absence in the assignments of error and otherwise of reference to folios and pages of the transcript, which has placed an unnecessary burden upon the court.

The first and eighth assignments of error seek to raise the point that the court erred in refusing to strike the amended complaint for the reasons (1) that permission to file the same was not first obtained from the trial court; and (2) that it set up a new and different cause of action. The amended complaint was filed without leave being first ob-

tained, but "Having been placed on file, the court could permit it to remain. The matter was entirely within the discretion of the court. (*Hedges v. Dam*, 72 Cal. 520, 14 Pac. 133.)" (*Kelly v. Leachman*, 3 Ida. 629, 33 Pac. 44, 45.)

As no abuse of discretion is shown, no error was committed in denying the motion on the first ground, especially as the order, in effect, granted such permission. As to the second ground, in *Hoy v. Anderson*, 39 Ida. 430, 434, 227 Pac. 1058, the question was there presented, as here, whether the amended complaint set up a new and different cause of action. An application of the tests expressed in that opinion, by comparison of the original and amended complaints, justifies the conclusion that a new and different cause of action was not alleged in the amended complaint and no error was committed in denying the motion on that ground.

Assignments of error 4, 5, 6, 7 and 18 involve the question of the sufficiency of the evidence to support the verdict and the action of the trial court in denying appellant's motion for nonsuit, in submitting the case to the jury, in denying appellant's motion for new trial, and in accepting the verdict and entering judgment thereon. These assignments are directed to the sufficiency of the evidence to establish that Christy was the agent of appellant. It appears from the record, among other things, that Christy received a letter from Bert Lightner in which the latter offered to sell the logs in question and stating the cash price. Christy took the letter and went to appellant and inquired of Mr. Pugh whether or not appellant wanted to buy the logs. Christy had been furnished with an order book by appellant, and was instructed by Mr. Pugh to go and purchase the logs at a price fixed by appellant, and to draw an order for $250 on appellant in favor of Lightner, which order would be paid by appellant on presentation, and that subsequent orders drawn in payment of the balance due on the logs would also be paid. Christy went to Lightner, purchased the logs and gave him an order for $250 on appellant, which appellant paid. The logs were subsequently

delivered by Lightner to appellant. Christy assisted Mr. Russell in scaling part of the logs, and Mr. Russell scaled the remainder. Christy subsequently gave to Lightner orders drawn on appellant in payment of the balance due on the logs, and some payments were made thereon by appellant. When Christy later asked appellant why it had not paid the remaining orders he was informed in substance that it was without funds to pay them.

■ ■ The fact of agency is to be determined from all the circumstances of the case. (*Harding v. Home Investment etc. Co.*, 49 Ida. 64, 286 Pac. 920, 297 Pac. 1101; *Madill v. Spokane Cattle Loan Co.*, 39 Ida. 754, 230 Pac. 45.) The rule is well established that:

"When any evidence is adduced tending to prove the existence of a disputed agency its existence or nonexistence is as a general rule a question of fact for the jury, aided by proper instructions from the court, even though the evidence is not full and satisfactory; and in such cases it is error for the court to take the question from the jury by directing a verdict, by instruction, by nonsuit, or by sustaining a demurrer to the evidence. But whether or not there is any evidence tending to prove the existence of an agency is for the court to determine, and if there is none, or if it is so slight that a finding thereon of the existence of agency would not be sustained, the question should be disposed of by the court alone and should not be submitted to the jury; nor should the question be submitted to them where the facts relating to the existence of the agency are undisputed and are such that only one reasonable conclusion can be drawn therefrom. But even where the facts are undisputed, if different conclusions can reasonably be drawn therefrom, the question should be submitted to the jury." (2 C. J., sec. 731, p. 960.)

■ ■ From the foregoing facts, together with other evidence in the record, it must be conceded that there was competent evidence of facts and circumstances tending to establish the existence of the agency, justifying the submission of the question to the jury. Furthermore, we do not think

it can be logically contended that there is not a direct and substantial conflict in the evidence as to the existence of the agency, which calls for the application of the rule, repeatedly announced by this court, that where there is a substantial conflict in the evidence, but sufficient competent evidence, if uncontradicted, to support the verdict of the jury, the same will not be disturbed. (*Independent Gas etc. Co. v. T. B. Smith Co.*, 51 Ida. 710, 725, 10 Pac. (2d) 317, and cases there cited and referred to.) It follows that the court did not err in its rulings here complained of.

In his second assignment of error appellant attacks the action of the court in permitting respondent to testify, over objection, as to what Christy told him relative to who he was acting for. Previously to the time the evidence complained of was elicited, the facts which we have heretofore set forth in detail and which we have held sufficient to support the verdict of the jury, which in effect found that the agency existed, had been proven. It is well established that:

"While the declarations of an alleged agent are of themselves incompetent to prove agency, if the agency is otherwise *prima facie* proved, they become admissible in corroboration, where they constitute a part of the *res gestae* and where made at the time of the transaction in question. Thus, where the agency has been established by independent evidence, the declarations of the agent are competent to show that he acted as agent and not on his individual account, or to show the nature and extent of his authority." (2 C. J. 939, sec. 695.)

This rule is not in conflict with the rule announced in *Cox v. Crane Creek Sheep Co.*, 34 Ida. 327, 200 Pac. 678, and *Cupples v. Stanfield*, 35 Ida. 466, 207 Pac. 326, relied on by appellant, to the effect that the declarations of one assuming to act as agent, made without the hearing of his principal, are not admissible to prove such agency, for the reason that in those cases it does not appear that the agency had been established prior to the giving of testimony relative to the declarations of the agent. Here the agency had been otherwise proven before the evidence complained

of, which was merely corroborative, was offered. The court did not err in admitting such evidence.

By his third assignment of error appellant urges that "the court erred in permitting the defendant C. E. Christy to testify as to conversation he had with Bert Lightner." The folio reference to this testimony not appearing in appellant's brief, after a search of the record, we must assume that the question to which this assignment is directed is as follows:

"Q. If at that time you didn't state to his father (Bert Lightner) in his presence that you had just seen Russell & Pugh and that they had authorized you or told you to go up and make a deal for his logs?"

Appellant's objection was sustained to this question, but after further argument the witness was permitted to answer, which he did as follows:

"A. Well, I had to give Mr. Lightner an order and told him I couldn't get him the cash, but that if he would take it to his bank and send it here and they would take care of it."

The answer was entirely unresponsive to the question and could not be considered as evidence tending to prove the agency as contended by appellant.

Assignments of error 9 to 16, inclusive, relate to alleged error in the refusal of the court to give certain requested instructions. These instructions, together with others refused, appear in the transcript preceded by the notation: "The following instructions were refused." There is nothing in the record to show whether such instructions were presented or requested to be given by appellant, by the nonappealing defendant Christy, or by respondent. If requested by the two last named, appellant could not predicate error upon their refusal. The record must show by what party the request for such instructions was made. (4 C. J. 543, sec. 2339.) However, we have carefully examined the instructions and have reached the conclusion that in view of the instructions given, no error was committed.

By assignment 17 error is sought to be predicated upon the action of the court in permitting counsel for respondent to make reference in his argument to the jury to the orders referred to in the second cause of action, for the reason that a motion for nonsuit had been sustained as to that cause of action. Attention of the court was called to these remarks by appellant's objection. The court instructed the jury that the second cause of action had been removed from their consideration. It is held in *Watkins v. Mountain Home Co-op. Irr. Co.*, 33 Ida. 623, 197 Pac. 247, that where attention of the court is called to objectionable remarks of counsel, and it instructs the jury to disregard them, such conduct of counsel will not ordinarily be grounds for reversal of the judgment. See, also, to the same effect, *Kerby v. Oregon Short Line R. R. Co.*, 45 Ida. 636, 651, 264 Pac. 377, 381, where it is also said:

"This court has many times had before it this identical question, and has proclaimed the rule that judgments will not be reversed by reason of misconduct of counsel at the trial, unless the appellate court is of the opinion that such misconduct had prevailing influence upon the jury to the detriment of appellant. (*Cochran v. Gritman*, 34 Ida. 654, 203 Pac. 289; *Haverland v. Potlatch Lumber Co.*, 34 Ida. 237, 200 Pac. 129; *Watkins v. Mountain Home Co-op. Irr. Co.*, 33 Ida. 623, 197 Pac. 247; *Theriault v. California Ins. Co.*, 27 Ida. 476, 149 Pac. 719, Ann. Cas. 1917D, 818.)"

Appellant contends that evidence relating to the orders in question was limited exclusively to the second cause of action. With this contention we are not in accord, as, had there been no second cause of action in the amended complaint, the introduction of the orders and evidence relating thereto would have been admissible in support of the allegations of the first cause of action as tending to establish the amount of indebtedness sued for, and as explanatory of the whole transaction including partial payment and the manner of such payment. The trial court evidently took this view, as, while instructing that the second cause of action had been removed from the jury's consideration, it also made

repeated references to the orders in other instructions. We are of the opinion that counsel's reference to the orders did not constitute misconduct, nor that the action of the court constituted prejudicial error.

The judgment and order overruling motion for new trial are affirmed. Costs to respondent.

Lee, C. J., and Givens and Varian, JJ., concur.

Leeper, J., took no part.