(No. 5967.   March 8, 1934.)

CALIFORNIA JEWELRY COMPANY, INC., a Corporation, Appellant, v. JAMES McDONALD, Respondent.

[30 Pac. (2d) 778.]

Harry S. Kessler, for Appellant.

James F. Ailshie, Jr., and J. R. Smead, for Respondent.

BUDGE, C. J.—Appellant, California Jewelry Company, Inc., brought this action on a promissory note for $15,000 given as the outgrowth of negotiations between one Kelley, who was a jeweler at Hailey and who for some time prior thereto handled jewelry of appellant and respondent, with reference to the sale and purchase of a Marquise diamond ring, sent by appellant to Kelley and then delivered to respondent. The note, executed November 7, 1930, by James McDonald was payable to H. W. Kelley or order and was indorsed on the back thereof "H. W. Kelley." Respondent alleged three affirmative defenses: (1) Fraud; (2) that the note was conditionally delivered under the agreement that respondent might have the diamond appraised and if after such appraisement, respondent should have the opinion of such appraiser that said stone was not flawless, or not perfectly cut or was not of the reasonable market value of

$15,000, appellant and Kelley would immediately return the note upon respondent's returning the diamond ring to appellant or Kelley, and, that upon appraisal it was found that the diamond was not perfectly cut, was not flawless and was of much less value than $15,000, and that respondent offered to return the ring and demanded return of his note, which offer and demand were refused by appellant; and (3) that appellant is a foreign corporation, not qualified to do business in Idaho, and was doing business in Idaho in this transaction. The court determined as a matter of law that there was no fraud as alleged in the first affirmative defense, the third defense was reserved for legal determination, and the second defense was submitted to the jury, the court advising the jury that the issues were: (1) Is the plaintiff the holder in due course? (2) Was Kelley agent of appellant or an independent dealer? (3) Was the ring delivered conditionally? and (4) Did appellant know at the time of taking said note that the note was conditionally delivered or have knowledge of such facts indicating conditional delivery as to make its action in accepting said note an act of bad faith? The jury rendered a verdict in favor of respondent, upon which, judgment of dismissal with prejudice was entered. Thereafter appellant moved for judgment notwithstanding the verdict, which motion was denied. The appeal is from the judgment and from an order denying appellant's motion for judgment notwithstanding the verdict.

Appellant states that the court "submitted to the Jury only the issues raised by the second defense," and bases the bulk of its twelve assignments of error upon the all-inclusive proposition that the court erred in submitting the issues raised by the second defense to the jury for the following reasons:

"That the uncontradicted evidence shows (1) that Kelley was an independent dealer and not an agent of appellant; (2) that the alleged agreement claimed to have been made by Kelley was at most a collateral agreement that did not invalidate Kelley's title to the note; (3) that if the ring was delivered to Kelley conditionally appellant had no knowledge

of such conditional delivery nor knowledge of such facts or any facts indicating conditional delivery, as to make its action in accepting the note an act of bad faith.''

It appears that the jury either found that Kelley was the agent of appellant, or, that although Kelley was not the agent, that the note was conditionally delivered and appellant knew at the time of taking the note that it was conditionally delivered or had knowledge of such facts indicating conditional delivery as to make its action in accepting the note an act of bad faith. It appears that considerable correspondence between Kelley and appellant was introduced in evidence, which correspondence is susceptible of different conclusion being drawn therefrom as to whether Kelley was an agent of appellant or an independent dealer. In addition thereto there is evidence that Kelley held himself out as such agent, and the deposition of Mr. Levison, connected with appellant, contains the statements: That they had done business with Mr. Kelley before, for several years, sending him jewelry purchased as well as for sale, that in this instance ''we sent it to him naturally for sale,'' that the ring was sent ''on approval'' and that ''we owned the ring at the time of the sale.'' The rule announced in *Lightner v. Russell & Pugh Lumber Co.*, 52 Ida. 616, 17 Pac. (2d) 349, appears to be applicable to the situation herein, and therein it is said:

''The fact of agency is to be determined from all the circumstances of the case .... The rule is well established that:

'When any evidence is adduced tending to prove the existence of a disputed agency its existence or nonexistence is as a general rule a question of fact for the jury, aided by proper instructions from the court, even though the evidence is not full and satisfactory; and in such cases it is error for the court to take the question from the jury by directing a verdict, by instruction, by nonsuit, or by sustaining a demurrer to the evidence. But whether or not there is any evidence tending to prove the existence of an agency is for the court to determine, and if there is none, or if it is so slight that a finding thereon of the existence of agency

would not be sustained, the question should be disposed of by the court alone and should not be submitted to the jury; nor should the question be submitted to them where the facts relating to the existence of the agency are undisputed and are such that only one reasonable conclusion can be drawn therefrom. But even where the facts are undisputed, if different conclusions can reasonably be drawn therefrom, the question should be submitted to the jury.' (2 C. J., sec. 731, p. 960.)''

In Mr. Kelley's letter dated November 8, 1930, sent to appellant, and in which the note involved was inclosed, appears the following:

''I sold the large marquise diamond ring to Mr. James McDonald of this place, and whose wife and daughter are living in your city; . . . . Mr. McDonald is very anxious to know more about this diamond. I am giving him a copy of this letter and he is going to bring the diamond in to your office and you can tell him all about it. And for any reason, that this is not satisfactory, you can arrange with him personally. I enclose the note which is for $15,000.00 in full payment for the diamond ring stated above. H. W. Kelley. P. S. I also inclose Mr. McDonald's San Francisco address. He will be in your city some time the fore part of December of this year. H. W. K.''

In a further portion of the above letter, and that portion which was not given to Mr. McDonald, appears the following:

''Gentlemen, this is a good sale, and I want you to tell them that they made no mistake in this ring, and also put your best efforts in it, as they may bring the away as he is sending it down to his wife right away so he says. I had to give his attorney a copy of my other letter so will fully explain matters now. His attorney was dead against him buying a ring at all at this time, and kept putting him off, right along; and I finally told him that I was leaving Sunday and must return the ring today if he did not take it, . . . . I told Mr. McDonald that it was a seven-carat stone, and about one half carat small stones, making in all about

$7\frac{1}{2}$ carats. I had mislaid the bill, and I now found that the large stone weighs 6.85; that is close, but I did not mean to make a misstatement. The attorney then brought in a long document for me to sign, stating all kinds of catch-phrases, and I refused to sign anything; and then he wanted a copy of the letter I sent you, so I will turn over to him a copy of the other sheet. . . . . So, hoping that I have pleased you, and that we may have many more of these kind of sales. . . . . ''

There is considerable evidence that as between Kelley and respondent the note was conditionally delivered. It cannot be logically contended that there is no substantial conflict in the evidence as to the existence of an agency between Kelley and appellant, nor, that the appellant had no knowledge at the time of taking the note that it was conditionally delivered or knowledge of such facts indicating conditional delivery such as to make its action in accepting the note an act of bad faith such as to constitute appellant not a holder in due course, which calls for the application of the oft-repeated rule, that where there is a substantial conflict in the evidence, but sufficient competent evidence, if uncontradicted, to support the verdict of the jury, the same will not be disturbed. (*Lightner v. Russell & Pugh Lumber Co., supra; Isaak v. Journey,* 52 Ida. 392, 15 Pac. (2d) 1069.) The foregoing conclusion disposes of assignments of error numbered VIII, X, XI, and XII, to the effect that the court erred in refusing to grant appellant's motion for instructed verdict and judgment notwithstanding the verdict, that the verdict is against the law and in violation of the court's instruction, and error in entering judgment for respondent.

Assignments of error V and VI urge error in the giving of six instructions to the jury and in the refusal to give seven instructions requested by appellant. Given instructions 9, 11, 12, 13 and 14 are urged to be erroneous because they submitted to the jury the question of agency, which question has been heretofore covered. Instruction number ten given, is urged to be erroneous because it did

not fully state the law, which appellant states is contained in its requested instructions. Appellant states that "requested instructions Nos. 1, 3, and 4, were, in part, given in substance and we will not particularly urge them." Requested instructions No. 5 and 6, were fully covered by instructions 3, 4 and 5 given by the court. Instruction number 8 is not responsive to any evidence in the record. With reference to instruction number 7 it is urged that respondent used the deposition of his adversary as his own evidence and therefore the jury should have been instructed that respondent could not discredit such evidence. It does not appear that respondent made any attempt to impeach the matter contained in the deposition.

Assignment of error number I urges error in conditionally admitting testimony relating to certain conversations between Kelley and respondent at and preceding the time of negotiations with reference to the sale and purchase of the ring on the basis that agency could not be established in this manner, and assignment of error number IX urges error in failing to grant appellant's motion to strike such testimony. The court instructed the jury that "the question of whether the said Kelley was or was not the agent of the California Jewelry Company cannot be determined by any statements that may have been made by the said Kelley himself." Such declarations were admissible to show that respondent understood he was dealing with the appellant as principal. (*McCornick & Co. v. Tolmie Bros.*, 42 Ida. 1, 243 Pac. 355.)

We have examined the remaining assignments of error and are satisfied that no error was committed by the trial court such as would justify a reversal of the judgment. The judgment is affirmed, with costs awarded to respondent.

Givens, Morgan, and Wernette, JJ., concur.

Holden, J., dissents.