301 P.2d 1097

Ezra CASPER, Plaintiff-Respondent,

v.

Ray SPAULDING and Earl Spaulding, Defendants-Appellants.

No. 8446.

Supreme Court of Idaho.

Sept. 26, 1956.

H. Reynold George, Rigby, Ray W. Rigby, Rexburg, for appellants.

L. H. Merrill, Idaho Falls, for respondent.

KEETON, Justice.

M. J. Purcell, pursuant to a conditional sales contract dated January 5, 1953, sold, and he thereupon delivered, to defendants Ray Spaulding and Earl Spaulding two trucks, trailers and numerous other items of personal property for a total consideration of $5,000 which defendants agreed to pay. March 16, 1953, Purcell assigned the contract and all interest therein to plaintiff. The contract provided that the purchase price be paid in four installments, $1,250 September 1, 1953, $1,250 March 1, 1954, $1,250 September 1, 1954, and $1,250 March 1, 1955, with interest. The seller retained title until payment of the purchase price.

Defendants defaulted in the payment due March 1, 1954, and, other than the first installment, paid nothing further.

The contract provided that if the purchaser defaulted in any payment when due, then the seller could declare the contract at an end, and after thirty days' notice then take immediate possession of the property described in the contract; also provided that defendants should not sell, transfer or dispose of the property without written consent of the seller.

After default in payment plaintiff made demand on defendants for the return of the property or payment of the purchase price. Plaintiff was advised by one of the defendants that the property could not be returned because the defendants had sold one of the trucks. Defendants refused to pay the balance of the purchase price. A search made at the instance of plaintiff revealed that many items of property described in the contract were missing and such items as could be located had been ill kept, were worn out and had greatly depreciated in value.

Plaintiff then brought this action to recover an alleged balance due. Trial was had and verdict rendered for plaintiff, judgment entered and appeal by defendants perfected.

In assignment of errors 1, 3 and 5, defendants enumerate various propositions of law which they contend should have been contained in instructions to the jury. No such instructions were requested and the trial judge was given no opportunity to rule on the propositions of law contained in the alleged omitted instructions. The court

instructed the jury upon the essential elements of the case. The assignment of error that the trial judge failed to give certain instructions will not be considered or reviewed on appeal unless it affirmatively appears from the record that proper request therefor was made. 3 Am.Jur. 112, Sec. 380; 4 C.J. 542, Sec. 2339; 4 C.J.S., Appeal and Error, § 1179, p. 1684; Lightner v. Russell & Pugh Lumber Co., 52 Idaho 616, 17 P.2d 349.

By instruction No. 11 the court instructed the jury that if the property, the subject matter of the conditional sales contract, had been converted by defendants or either of them, the measure of damages was the balance due on the contract together with interest as therein provided.

Defendants assign the giving of that instruction as error, contending the measure of damages to be the value of the property at the time of the conversion and not the balance due on the contract of purchase; also that only part of the articles described in the conditional sales contract had been by defendants converted and that the contract was divisible in its application to such property. The articles were sold to defendants as a unit and for a particular purpose. There was no showing that the parties intended the contract to apply to any part of the property except as the whole. Defendants received all the articles enumerated in the contract. Under the circumstances the seller was not required to receive back a part of the articles in discharge of the contract, or any part of it; on the other hand, the seller, on demand for possession, became entitled to all the personal property conditionally sold, or to the payments due.

As part of the consideration for the sale of the articles the seller agreed not to engage in the trucking of hay or other agricultural products for the Idaho Livestock Yards, the Union Stock Yards and the Jensen Feed Yards, and the trucking business formerly engaged in by the seller was transferred to defendants. Defendants received all of the articles of personal property covered by the contract and the seller fully complied with the clause in the contract not to engage in the trucking business in competition with the buyers.

Where part of the consideration for the sale or purchase is the receipt by the purchaser of all the articles included in the contract, then the contract will be construed as entire. In the present situation the contract is not divisible. 4 A.L.R. 1442, 1443, 1444 and cases there cited; Coppedge v. Leiser, 71 Idaho 248, 239 P.2d 977.

Defendants contend that the extent of their liability is the reasonable market value of the property sold and purchased at the time of the conversion, destruction or loss. Where goods are sold and delivered to a purchaser under a contract that title is to remain in the seller until payment, loss

or destruction of the property while in pos-, session of the purchaser before payment, does not relieve the purchaser from the obligation to pay the purchase price. 47 Am. Jur. 81, Sec. 877; 47 Am.Jur. 102, Secs. 893 and 894.

In the present situation the loss, conversion or destruction of the property was due to the fault of defendants. The measure of damages is the balance due on the purchase price. Holt Mfg. Co. v. Jaussaud, 132 Wash. 667, 233 P. 35, 38 A.L.R. 1319, and cases there cited.

The assignment of error that defendants were not permitted to show the reasonable market value of the articles purchased at the time of the conversion, particularly the reasonable market value of the truck converted, is not sustainable. Reasonable market value at the time of the breach and conversion is not the measure of allowable recovery. Hence the sustaining of an objection to such offer of proof is not error.

The case boils down to the simple proposition that defendants purchased the articles and thereafter converted, lost and refused, after breach, to return them, and refused to pay the purchase price. The record fails to disclose any defense to the action. Judgment is affirmed. Costs to respondent.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.